COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Zephaniah Spurr & another, claimants.

The municipal court of the city of Worcester is a police court, within the meaning of the St. of 1869, *c.* 415, § 44.

In a motion to quash proceedings on a criminal complaint, an allegation that the complaint is " fatally defective " is not such a specific assignment of the objections relied on, **for** formal defects apparent on its face, as is required by the St. of 1864, *c.* 250, § 2.

COMPLAINT on the St. of 1869, *c.* 415, § 44, to the municipal court of the city of Worcester, for a warrant of search for certain intoxicating liquors, alleged to be kept for unlawful sale, in that city, by Zephaniah Spurr and Albert Williams. On the warrant, the liquors were seized ; and Spurr and Williams were summoned as claimants. They appeared accordingly in the superior court ; and before the jury were empanelled they filed a motion to quash the proceedings, " because, they say, the complaint, warrant, judgment of the municipal court, order of notice, notice and ser-

vice thereof, are all fatally defective; and because the warrant in said case does not purport to be the precept of any court or magistrate authorized to issue the same; and because the municipal court of the city of Worcester is not authorized by law to receive a complaint under the provisions of the St. of 1869, *c.* 415, § 44.' This motion *Devens,* J., overruled; on the trial, judgment was rendered for the forfeiture of the liquors; and the claimants alleged exceptions.

*G. F. Verry,* for the claimants, on the question of the authority of the court which received the complaint and issued the warrant, argued that complaints on the St. of 1869, *c.* 415, § 44, were to be made to, and searchwarrants to be issued by "a justice of the peace or police court" only, and the municipal court of the city of Worcester was not a police court within the meaning of the statute; that it was established by the St. of 1868, *c.* 198, § 16, which was passed May 11, 1868, with "the same powers and jurisdiction" as the police court of Worcester then had, and not with such powers and jurisdiction as police courts might thereafter acquire.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. The only question open to the claimant in this case is whether the municipal court of the city of Worcester had authority to receive the complaint and issue the warrant. This question was decided against the claimant in *Commonwealth* v. *Intoxicating Liquors,* 103 Mass. 448.

The other objections to the complaint and warrant, now urged by the claimant, are for formal defects apparent on the face thereof, and, not having been "specifically assigned" in his motion to quash, are not now open to him. St. 1864, *c.* 250, § 2. *Commonwealth* v. *Sholes,* 13 Allen, 554.

*Exceptions overruled.*