## COMMONWEALTH *vs.* FITCHBURG RAILROAD COMPANY.

Middlesex. Jan. 8.— April 12, 1879. COLT & ENDICOTT, JJ., absent.

If an indictment against a railroad corporation, on the Gen. Sts. *c.* 63, § 98, and the St. of 1871, *c.* 352, alleges, as the only act of negligence, that the servants of the corporation ran a locomotive engine "rashly, and without watch, care or foresight, and with great, unusual, unreasonable and improper speed," evidence is inadmissible to show that the servants neglected to ring the bell on the engine or to sound the whistle.

An indictment against a railroad corporation, on the Gen. Sts. *c.* 63, § 98, charging the killing of a person by reason of the gross negligence and carelessness of its servants while engaged in its business, by running a locomotive engine with great, unusual, unreasonable and improper speed, is not sustained by proof that, at the time of the killing, the engine was run at a high rate of speed, in the absence of evidence that the servants in so doing were acting in violation of their duty.

If a jury has once been empanelled in a criminal case, it is too late to move to quash the indictment for formal defects apparent on its face, although the motion is made before the empanelling of the jury for a new trial of the case, the former verdict having been set aside.

INDICTMENT on the Gen. Sts. *c.* 63, § 98, and the St. of 1871, *c.* 352, to recover, for the use of the widow and children of Charles Keniston, a fine, by reason of the loss of his life, from being run over on May 7, 1874, by a locomotive engine and train of cars of the defendant, at a place in Somerville where the defendant railroad crosses Park Street, so called, at grade.

The first and second counts of the indictment, upon which alone the case was tried, a *nolle prosequi* having been entered as to the third count, are given in full in the report of the case at a former stage, 120 Mass. 372; and the material parts of them are stated in the opinion.

After the former decision, and before the jury were empanelled, the defendant filed in the Superior Court two motions to quash the indictment. *Pitman,* J., overruled the motions. The case was then tried; the jury returned a verdict of guilty; and the defendant alleged exceptions, the substance of which appears in the opinion.

*G. A. Somerby & W. S. Stearns,* for the defendant.

*T. H. Sweetser & O. S. Knapp,* (*C. D. Adams* with them,) for the Commonwealth.

MORTON, J.   The first count of the indictment charges the killing of the person named therein, within the city of Somerville, by reason of the unfitness and gross negligence and carelessness of the servants of the defendant while engaged in its business.   The negligence alleged is that the servants, who were running an engine, ran it "rashly, and without watch, care or foresight, and with great, unusual, unreasonable and improper speed."   The second count varies from the first only in charging that the killing was by a collision at the crossing at grade of a public highway in Somerville called Park Street.

Neither count alleges any negligence of the corporation; neither count alleges as negligence of the servants that they did not ring the bell or sound the whistle as required to do at grade crossings; or that they did not seasonably close the gate at the crossing. Upon these last points, evidence was admitted at the trial, and it was competent upon the issue whether the person killed was using due care; but it was not competent and could not be considered by the jury upon the issue of the gross negligence of the servants of the defendant.   The only negligence sufficiently charged is that the servants ran the engine with great, unusual, unreasonable and improper speed.   The addition of the words "rashly, and without watch, care or foresight" cannot enlarge the allegation so as to make it equivalent to an averment that the servants neglected to ring the bell or sound the whistle.   It does not inform the defendant with reasonable certainty that such negligence is intended to be charged.

It does not follow that the indictment is to be quashed.   It contains the substantive allegation that the servants of the defendant ran the engine with unreasonable and improper speed; and no objection to the generality of the allegation having been seasonably taken, if the government can prove that such servants, in violation of their duty, ran the engine at great speed, under circumstances which made such running gross negligence on their part, a verdict of guilty might be justifiable, although such servants rang the bell and sounded the whistle, or although they were not required to do either.   But the government is confined in its proofs to the allegations of the indictment, and, having alleged one act of negligence, cannot claim a verdict upon proof of another act not alleged.

We are thus brought to the question whether, upon such of the evidence in this case as was competent to be considered by the jury, their verdict was justifiable. The bill of exceptions purports to state all the evidence material to the exceptions. Upon a careful examination of this evidence, we find that all the competent evidence merely proves that, at the time of the accident, the servants of the defendant were running the engine at a great rate of speed. All that the evidence shows is that a detached engine was run at a high rate of speed over a crossing at grade of a travelled street in Somerville. But there was no evidence that the speed was greater than was allowed by the rules and regulations of the corporation, and, as evidence that the bell was not rung or the whistle was not sounded was not admissible upon this issue, there was no evidence that the servants in charge of the engine were acting in violation of their duty. In other words, there was no competent evidence of the gross negligence or carelessness of the servants of the corporation.

We apprehend that the real difficulty in this case is that the allegations of the indictment are not adapted to the facts in proof. It fails to allege the neglect to ring the bell or sound the whistle, which appears upon this bill of exceptions to have been the act of neglect of the servants of the corporation, but which, as we have before said, could not properly be considered by the jury upon this issue.

In regard to the defendant's motions to quash, they were both made after a jury had been sworn in the Superior Court, and the objections to the indictment are for formal defects apparent on the face thereof. We are therefore of opinion that they were rightly overruled. St. 1864, *c.* 250, § 1. *Commonwealth* v. *Brigham*, 108 Mass. 457.

As the view we have taken applies equally to the first and second counts, it is not necessary to discuss the question whether there was sufficient evidence of the establishment of Park Street as a public highway.                    *Exceptions sustained.*