## COMMONWEALTH vs. MAURICE MURRAY.

Berkshire.    Sept. 11. — Oct. 1, 1883.    FIELD & W. ALLEN, JJ., absent.

*It seems* that a motion to quash an indictment, on the grounds that no offence is fully, plainly and formally set up therein, and that all the facts which constitute the offence are not properly set forth, does not assign "specifically the objections relied on," within the Pub. Sts. c. 214, § 25.

An indictment on the Pub. Sts. c. 205, § 9, for giving a bribe to a judicial officer, alleged that the transaction took place when the defendant "was lawfully brought before the District Court of Central Berkshire, a court duly and legally established, and before J. T., Esquire, the standing justice of said court;" that said J. T. was then and there lawfully presiding in said court; and that he was a judicial officer duly qualified to perform his duties as such. *Held,* that the indictment sufficiently alleged that the matters referred to were pending before the justice in his official capacity, and that he was duly appointed.

If a person makes a full and complete delivery of money to a magistrate, with the corrupt intention of influencing his decision in a matter pending before him, such person is guilty of corruptly giving a gift to the magistrate, within the Pub. Sts. c. 205, § 9, although the latter receives the money in ignorance of what it is, and retains it solely for the purposes of public justice.

INDICTMENT on the Pub. Sts. c. 205, § 9, for corruptly bribing a judicial officer. At the trial in the Superior Court, before *Barker*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. F. Noxon,* (*F. W. Rockwell* with him,) for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J.    The defendant filed two motions to quash the indictment; the first, for the reason "that no offence is fully, plainly and formally set up in said indictment;" the second, for the reason "that no statute offence is set forth therein," and "that all the facts which constitute the offence intended to be punished by the Legislature under the        are not properly alleged and set forth." We are not disposed to hold that either of these motions to quash complies with the statute, which requires that, when such motions are made on account of formal defects apparent on the face of the indictment, they shall assign "specifically the objections relied on." Pub. Sts. c. 214, § 25. Such motions would give the prosecuting officer no information as to what defect was intended to be relied on, nor enable him to determine whether the indictment as framed should be withdrawn or pressed to a trial. *Commonwealth* v. *Sholes,* 13 Allen, 554.

*Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 176. It would be entirely easy to point out specifically in what respect the indictment fails to allege that which is required by the statute.

It is unnecessary, however, to consider this question, as, if the motions be treated as sufficient, the only objection suggested in argument by the defendant is that the indictment fails to allege " that the matters referred to " therein " were pending before the justice in his official capacity, and that he was duly appointed." An examination of the indictment shows this to be quite untenable. The transaction is alleged to have taken place when the defendant " was lawfully brought before the District Court of Central Berkshire, a court duly and legally established, and before Joseph Tucker, Esquire, the standing justice of said court, upon certain specified warrants." It further alleges that said Tucker was then and there lawfully presiding in said court, and that he was a judicial officer duly qualified to perform the duties of his office as such. It would be difficult to make allegations more distinct, and they appear to us quite sufficient.

The substantive offence charged against the defendant was that of giving a gold coin to the justice of the court, intending corruptly to influence his decision upon the complaints which were pending lawfully before him as a judicial officer; and was framed under the Pub. Sts. *c.* 205, § 9. The defendant requested an instruction that the jury must be satisfied that the justice received and accepted the same as a gift before the defendant could be convicted.

The Pub. Sts. *c.* 205, § 9, provide, among other things, a punishment for him who corruptly gives, offers or promises to any judicial officer any gift or gratuity, with intent to influence his act, decision or opinion upon any matter pending before him in his official capacity; while § 10 of the same chapter provides a punishment for any judicial officer accepting such gift or gratuity, under the agreement or with an understanding that his opinion or judgment shall be given in any particular manner. The contention of the defendant is, that a delivery of money or other valuable thing, with intent to influence a judicial officer, cannot be treated as a gift, unless upon an acceptance of the same by him upon a corrupt agreement or understanding; and thus that there can be no conviction upon

that clause of section 9 which relates to gifts corruptly made, unless those facts which make an offence on the part of the recipient can also be shown. This is to construe the statute too narrowly, and to make the guilt of one party in giving depend, not alone upon his own act and intent, but upon those of another.

In *Sulston* v. *Norton*, 3 Burr. 1235, which was an action under the St. of 2 G. II. *c.* 24, § 7, which provided that, " if any person by himself, or any person employed by him, doth or shall, by any gift or reward, or by any promise, agreement or security for any gift or reward, corrupt or procure any person or persons to give his or their vote,'' he shall be subjected to a penalty of £500, Lord Mansfield remarks : " The offence was completely committed by the corrupter ; whether the other party shall afterwards perform his promise, or break it."

In *Henslow* v. *Fawcett*, 3 A. & E. 51, which was an action on the same statute, Lord Denman, in commenting upon it, remarks : " Procuring is one thing ; it is essential that the vote should be given. Corrupting (which word is connected by the disjunctive particle) is another ; it seems to me to lie altogether in the act of the party giving the bribe." Mr. Justice Coleridge says : " I am prepared to go the length of saying that, if it were clearly shown that Garner [the person who received the money] never intended to give the vote, concealing the intention from the defendant, and being so far moved by the defendant's act, as to receive his money and conceal such intention, the defendant would be liable."

It is not essential to the defendant's crime that he should have induced the magistrate corruptly to receive his money. If he made a full and complete delivery of it, so that it was out of his possession and control and within that of the magistrate, with the corrupt intention on his part of influencing the decision of the magistrate, his offence is complete, although the magistrate received it in ignorance of what it was, and afterward retained it solely for the purposes of public justice: Such was the instruction given.                    *Exceptions overruled.*