COMMONWEALTH *vs.* EMORY E. LANE.

Norfolk.    November 30, 1892. — December 5, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Subornation of Perjury — Indictment — Motion to quash.*

An indictment for subornation of perjury, alleging that the defendant " unlawfully and wickedly " solicited another to commit perjury, will not be quashed because it does not charge that the defendant acted " corruptly," unless such ground of objection is specifically assigned in the motion to quash, under Pub. Sts. c. 214, § 25.

INDICTMENT for subornation of perjury. In the Superior Court, the defendant moved to quash the indictment for the following reasons: " 1. Because no crime or offence is fully, plainly, substantially, and formally described or set out therein. 2. Because it sets out no crime or offence against the laws of the land or the statutes of this Commonwealth. 3. Because it is insufficient and bad in law on the face of it. 4. Because it is vague, indefinite, uncertain, and ambiguous. 5. Because no indictment has been found in the case in which the alleged perjury was committed." This motion was disallowed; and the defendant appealed to this court. The facts material to the point decided appear in the opinion.

*T. H. Pearse*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

ALLEN, J. The indictment is for subornation of perjury, and charges that the defendant " did unlawfully and wickedly solicit . . . Daniel F. Keane . . . falsely to depose, say, and give evidence upon his oath," etc. The defendant contends that the indictment is bad, because it does not charge that he " corruptly " did the acts set forth. But, without now determining

whether this objection would have been good if properly taken, it is not open on the motion to quash, because, if the indictment is defective, the defect is merely formal and should have been assigned specifically, under the rule laid down in Pub. Sts. c. 214, § 25. If it had been thus specifically assigned, the district attorney might have thought it better to wait till a new indictment could be found, before subjecting the Commonwealth to the expense of a trial on the merits. Under this statute, if a defendant relies on a formal defect in the indictment, he must point it out; and if he goes to trial without having done so, the objection is no longer open to him. The present case falls within this rule. *Commonwealth* v. *Schaffner*, 146 Mass. 512. *Commonwealth* v. *Jenks*, 138 Mass. 484. *Commonwealth* v. *Murray*, 135 Mass. 530.

We can take no notice of the other objections urged in the defendant's brief, because no facts to support them are before us.　　　　　　　*Motion to quash rightly disallowed.*