COMMONWEALTH *vs.* HYMAN H. KRONICK.

Berkshire.     September 10, 1907. —October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Receiving Stolen Property.*

At the trial of an indictment under R. L. c. 208, § 51, charging the defendant with buying, receiving and aiding in the concealment of certain stolen property knowing it to have been stolen, it was shown that the defendant received the goods from the thief and kept them in his store for several days, and afterwards either purchased the goods from the thief or resold them to another person or acted as a friendly intermediary in a sale made by the thief to this person. The judge explained to the jury the bearing of this evidence and the contentions of the parties, and told the jury that it must be proved that the defendant either had bought or received or had aided in the concealment of the property. In regard to proof of the defendant's knowledge that the property was stolen he finally instructed the jury as follows: "if he either knew or believed this property was stolen property at the time it came into his possession or at any time while it was in his possession he ascertained that it was stolen property and he undertook to deprive the owner of his rightful use of it he would be liable under this indictment." *Held,* that this plainly meant that the defendant's undertaking to deprive the owner of the use of the property must have been subsequent to his ascertaining that it was stolen property, and that this was enough to make the offence complete, and that taken in connection with the evidence and the contentions made at the trial the undertaking to deprive the owner of his rightful use of the property referred to the specific acts named in the statute, and that so understood the instruction was correct.

On an indictment under R. L. c. 208, § 51, for buying, receiving or aiding in the concealment of stolen property knowing it to have been stolen, the defendant may be convicted, although he received the property innocently, if he afterwards with the guilty knowledge that it was stolen bought it or aided in its concealment.

On an indictment under R. L. c. 208, § 51, for buying, receiving or aiding in the concealment of stolen property knowing it to have been stolen, the defendant may be convicted if he bought the property knowing it to have been stolen, whether he bought it for himself or was acting as the agent of another.

INDICTMENT, found and returned in the county of Berkshire in January, 1906, under R. L. c. 208, § 51, charging that the defendant on May 29, 1905, at North Adams did buy, receive and aid in the concealment of one thousand yards of cloth of the value of fifteen cents a yard, the property of and stolen from the Arnold Print Works, well knowing this property to have been stolen as aforesaid.

In the Superior Court the defendant was tried before *Crosby*, J. At the close of the evidence the defendant asked the judge to make five rulings which are referred to in the opinion. The form of the requests has become immaterial, the substance of the instructions of the judge being stated in the opinion.

The jury returned a verdict of guilty, and the defendant alleged exceptions. The judge imposed sentence, but certified that in his opinion there was reasonable doubt whether the judgment should stand, and ordered that execution be stayed until the further order of the court, and admitted the defendant to bail with sureties in the sum of $700.

The case was submitted on briefs.

*M. E. Couch & J. E. Magenis*, for the defendant.

*J. F. Noxon*, District Attorney, for the Commonwealth.

SHELDON, J. The defendant's counsel have not argued that any one of their first three requests for instructions should have been given as it was framed. But it is contended that under the charge of the judge the jury may have convicted the defendant without sufficient proof of a guilty knowledge on his part that the goods in question had been stolen; that they may have found that the defendant's knowledge of the previous larceny came to him only after whatever dealings he had with the goods in question. If this contention is well founded, manifestly the defendant has been aggrieved. There is only one crime described in R. L. c. 208, § 51, upon which this indictment was drawn, although that crime may be committed in either one of the specific modes described in that statute. *Stevens* v. *Commonwealth*, 6 Met. 241. Accordingly, as was held in that case, the

defendant could be convicted upon this indictment if it appeared that he, knowing that the goods had been stolen, either bought or received them, or aided in their concealment. But it needs no citation of authorities to show that no offence is committed unless the defendant has that guilty knowledge at the time at which he commits the act either of buying, or receiving, or aiding to conceal the stolen goods, with the qualification, to which the defendant did not object, that if the goods have been actually stolen it is enough if the defendant believed this to be the case, even though he may not have had full and complete knowledge. *Commonwealth* v. *Finn*, 108 Mass. 466. *Commonwealth* v. *Leonard*, 140 Mass. 473, 478, 479.

But the defendant's contention does not appear to be well founded. The final instruction to the jury, given in the stead of what had been previously said upon that subject, was that the defendant could be convicted " if he either knew or believed this property was stolen property at the time it came into his possession, or at any time while it was in his possession he ascertained that it was stolen property and he undertook to deprive the owner of his rightful use of it." This plainly meant that the defendant's undertaking to deprive the owner of the use of the property must have been subsequent to his ascertaining that it was stolen property. This was enough; for the offence was complete although he may have received the property innocently, if he subsequently, with the guilty knowledge that it was stolen property, bought it or aided in its concealment.

The defendant argues, however, that this instruction was erroneous, because it substituted for the specific acts named in the statute a mere undertaking to deprive the owner of his rightful use of the property. But when the instruction is considered in connection with the evidence and the contentions made at the trial this argument is without merit. The evidence was that the defendant received the goods from the thief and kept them in his store for several days, and afterwards either purchased the goods from the thief and resold them to one Rosenthal or acted as a friendly intermediary in a sale made by the thief to Rosenthal. The judge had already fully explained the bearing of this testimony to the jury, and had stated to them the contentions of the parties. He had plainly said to them

that it must be proved that the defendant either had bought, or received, or aided in the concealment of the property ; and this never was withdrawn or modified.   The final instruction now under consideration was expressly given with reference only to the defendant's knowledge of the previous larceny.   The jury could not have understood that they were at liberty to convict unless the defendant either had bought, or received, or aided in the concealment of the stolen property, with a guilty knowledge that it was stolen property at the time he committed the specific act for which he was convicted.

Nor was the judge bound to give the defendant's fifth request * in the language in which it was framed, or to call the jury's attention to one particular piece of the testimony.   The question whether the sale was made to the defendant or to Rosenthal was left directly to the jury; and they were properly told that if the former alternative was proved, that is, if the defendant himself bought the goods, it made no difference whether he bought them acting for himself or as agent for Rosenthal. There is nothing in *Commonwealth* v. *Remby*, 2 Gray, 508, inconsistent with this.

*Exceptions overruled.*

---

* The ruling requested was as follows : "5. If, when the goods were finally sold for $60 by Dooley, Kronick made the offer at the request and for Rosenthal and Dooley said 'Let him have them,' meaning Rosenthal, then the sale was to Rosenthal and Kronick cannot be convicted of buying stolen goods." Dooley was the thief.   For another case arising from his transactions, see *Commonwealth* v. *Phelps*, 192 Mass. 591.