Evans, J.
— The.property involved in the larceny charged in the indictment consisted of four $100 bills and twelve $50 bills, amounting to a total of $1,000. The larceny had been committed by one Bryan Dale, post-office clerk. The money in question was contained in an envelope, and was addressed to one of the banks of Grinnell. The larceny was committed at the Grinnell post office, when Dale was an employee therein. Sometime thereafter, Dale delivered the currency to the defendant herein, under an arrangement whereby the defendant was to receive the sum of $200 for putting the money into circulation and obtaining smaller bills therefor. Sometime later, the defendant delivered the same currency to one Gooch, jointly indicted with him, under an arrangement that, if Gooch should reduce the currency to smaller bills, he should receive from this defendant $100. Neither party ever put the money into circulation. After a lapse of some months, official suspicion was directed to Gooch, and he was arrested. Shortly thereafter, the defendant herein was also arrested, and likewise Dale. Dale was indicted for larceny, and pleaded guilty thereto.
I. One of the principal grounds of reversal urged is that the evidence was not sufficient to sustain the conviction. Particular stress is laid upon the alleged lack of evidence that the defendant knew that the money was stolen. As witness, he denied his knowledge thereof. Dale was witness for the State, and testified that he had not at any time disclosed to this defendant the fact that he had stolen the money. It is urged, therefore, that the evidence in behalf of the State fails to prove knowl *986 edge. That knowledge was not proved by direct evidence may be conceded. It was not requisite upon the State to produce direct evidence of such fact. It was permissible to it to prove thé same by circumstantial evidence. Indeed, such is the usual method of such proof. It appears from the testimony of the defendant himself that, during the entire time he held the money,, he did so in constant fear, and that 'he was afraid to present the larger bills to anyone for the purpose of getting smaller bills in exchange. His explanation of this is that he suspected that the bills were counterfeit, but had not suspected that they had been stolen. The circumstance thus. admitted, however, was a very significant one, and permitted damaging inference by the jury. The jury was not bound to accept the defendant’s explanation of the circumstance. Other’ circumstances quite as damaging appear in the record, and we deem the evidence abundant to sustain the conviction, with little room therein for reasonable doubt.
II. Complaint is made of Instruction No. 10, given by the court. This instruction was as follows:
“If you are satisfied, after you have considered all of the evidence, beyond a reasonable doubt, that, at the time the defendant received the currency or bills in question from Bryan Dale, that he believed that the said currency or bills had been stolen, and that he received them with intent to aid the said Bryan Dale in the concealment thereof and of depriving the owner thereof, then he would be guilty of the crime charged in the indictment. And this is true, even though he was not told that it was stolen property. Provided you have also found beyond a reasonable doubt that Bryan Dale had stolen said currency or bills, as explained to you in these instructions.”
The specific complaint is that the court erred in permitting the jury to find the defendant guilty if he believed, when he received the currency, that it had been stolen. The contention is that it was incumbent upon the State to' prove that the defendant knew that it had been stolen, and that it was not sufficient to show that he believed it had been stolen. The point is not well not necessary for the State to prove that the detaken. It was *987 fendant had personal knowledge of the larceny, in the sense that he was present as a witness thereof. It was sufficient if the facts and circumstances known to him were sufficient to satisfy him or cause him to believe that the goods were stolen. In.such cases, belief is tantamount to knowledge, within the meaning of the statute; and such is the uniform holding of the courts. State v. Feuerhaken, 96 Iowa 299; Huggins v. People, 135 Ill. 243 (25 N. E. 1002); Commonwealth v. Leonard, 140 Mass. 473 (4 N. E. 96); Commonwealth v. Kronick, 196 Mass. 286 (82 N. E. 39).
III. Complaint is also directed to part of Instruction No. 12, which contains the following':
“If you further find it established beyond a reasonable doiibt that the defendant, Van Treese, received such money or currency knowing the same to have been found by the said Bryan Dale and by him retained as above set out in this instruction; or if he believed, at the time, that the said currency and bills had been so stolen by the said Bryan Dale; and if you have found that they were so stolen by the said Bryan Dale, and that thereafter the said Van Treese, together with one Gooch, concealed said currency or bills, or that the said Van Treese turned such currency or bills over to one Gooch with the intention of having the said Gooch exchange the same into other currency and depriving the rightful owner thereof, then this defendant would be guilty of the crime charged in the indictment. If you do not so find these facts established beyond a reasonable doubt, then you should acquit him.”
The argument is that the j-ury was thereby permitted to find the defendant guilty if he knew that the currency had been “found” by Dale. The argument is not predicated upon a proper characterization of this instruction. The circumstances of the larceny as detailed by Dale were that he found the envelope, as he claimed, upon the post-office floor. He took the same, however, knowing that it was the property of the Merchants National Bank, to which it was addressed. The language of Instruction 12 was predicated upon this circumstance. It was properly guarded in its context, and was not erroneous.
*988 IV. Complaint is made of the alleged prejudicial conduct of the court in conducting the direct examination of the witness Dale. The contention is that the court adopted a menacing attitude toward the witness, and thereby created an unfavorable impression against the defendant, upon the jury. This ground of reversal is not sustained in its facts by the record. It is predicated in its most important aspect upon a purported recital contained in the defendant’s motion for a new trial. In no other manner’do such purported facts appear in the record evidence. Such recital of facts therein does not thereby become a part of the certified record. The denial of the motion amounts to a denial of the purported facts. We must hold, therefore, that such ground of reversal is not supported by the record.
Other minor grounds are argued, but Ave deem them without merit. The judgment of conviction is, accordingly, affirmed.— Affirmed.
Arthur, C. J., and Preston and Favillé, JJ., concur.