THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN DI BLASIO, Defendant.

County Court, Kings County, January 14, 1955.

*James F. Ryan* for defendant.

*Edward S. Silver, District Attorney (Aaron Koota* of counsel), for plaintiff.

BARSHAY, J. The defendant moves to dismiss the indictment charging him with bribery of a public official under section 378 of the Penal Law, on the grounds that (a) the evidence received by the Grand Jury was illegal and insufficient as a matter of law to support the indictment; and (b) there is evidence that the passing of the money was a gift and not a bribe.

A motion for an inspection of the Grand Jury minutes having been granted (N. Y. L. J., Jan. 6, 1955, p. 11, col. 7), the minutes were furnished to counsel for the defendant. On the oral argument there was no dispute as to the facts, which are, that a demolition company lawfully obtained from the fire department of the City of New York a permit to burn the debris of the

demolished buildings on the site in Borough Hall where the new Supreme Court building is to be erected; that the permit was issued upon condition that the company comply with the provisions and terms thereof, and with the rules and regulations of the fire department; that it was the duty and function of each of the two fire battalion chiefs mentioned in each count of the indictment, to give an opinion whether or not the permit should be issued and to check if there was compliance by the company in the process of performing the work pursuant to the terms of the permit, and in accordance with the rules and regulations of the fire department; that while the process of the burning of the debris was daily proceeding and before its completion, the defendant, the superintendent of the company, on the dates mentioned in the indictment, gave to each of the two battalion chiefs the sum of $100.

The prosecutor contends that, in view of the fact that the defendant admitted the giving of the money to the fire chiefs, it is a question of fact for a jury to determine whether or not the giving of the said moneys was with the intent to influence the conduct of these public officials in their official capacity. In other words, the giving of the money constituted bribery of a public official in violation of section 378 of the Penal Law, despite the language used by the defendant. The defendant contends that he gave the money to each fire chief as a gift and that fact is best evidenced by the language he admittedly used when he gave it, to wit: '' You're a nice man, you are a nice fellow, just for good fellowship I want to give you something ''; and, '' How are we doing, Chief '', whereupon the Chief answered: '' You are doing alright; if you stay like this, you will be doing fine * * * this is for good fellowship, buy yourself a hat. * * * The Chiefs did not ask for it. I gave it to him for good fellowship; it was given as good will; it wasn't no bribe; it was a voluntary gesture.''

In a prosecution under a similar statute (*Commonwealth* v. *Murray,* 135 Mass. 530) wherein the defendant was accused of bribing a judicial officer with intent to influence his act, it was held: '' It is not essential to the defendant's crime that he should have induced the magistrate corruptly to receive this money. If he made a full and complete delivery of it, so that it was out of his possession and control and within that of the magistrate, with the corrupt intention on his part of influencing the decision of the magistrate, his offense is complete, although the magistrate received it in ignorance of what it was and afterwards retained it solely for the purpose of public justice.''

I have been unable to find, nor was there submitted in the memoranda of counsel, any New York case on the subject matter. I hold that the testimony adduced before the Grand Jury warrants the finding of this indictment. The motion is therefore denied. Submit order.