## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

THE KING *vs.* AH LOU YOU AND OTHERS.

IN an INDICTMENT of OBSTRUCTING AN OFFICER in discharge of his duty,—averment OF INTENT is sufficient to show the prisoner's KNOWLEDGE that this was an officer, AND THE NATURE OF THE DUTY need not be alleged.

A SEARCH WARRANT to seize okolehao to be used as evidence of sale of liquor is illegal, and in the indictment the WARRANT need not be set forth, but should be produced at the trial.

Chief Justice ALLEN delivered the decision of the Court.

This is an indictment against the defendants for obstructing a public officer in the discharge of his duty. It appeared by the testimony of the officer, who was a constable, that a warrant was issued by a District Magistrate of Anahola, on the Island of Kauai, directing him to proceed to the house of one of the defendants, Ah Lou You, in same district, and where the other defendants were living, to search for okolehao. It appeared further that the warrant was issued upon oath. The admissibility of this testimony was objected to on the ground that the original warrant, and the affidavit upon which it was founded should be produced. It was further objected by the counsel that a search-warrant for the purpose of searching for and seizing okolehao could not be legally issued.

It is declared by Article 12th of the Constitution that "every person has the right to be secure from all unreasonable searches and seizures of his person, his house, his papers and effects; and no warrants shall issue, but on

50

probable cause, supported by oath or affirmation, and describing the place to be searched and the persons or things to be seized."

By the 901st Section of the Civil Code, a search-warrant may be issued when good and satisfactory reasons are shown for believing that one is wrongfully secreting property of another, or his own to the prejudice of another, to search the person or premises of the one suspected, and to take the property secreted by him, for some judicial purpose to be stated in the application, and the legality of which shall be determined by said Justice.

The form of the warrant is presented, in which is set forth that the party is secreting property with intent to defraud the person on whose information the warrant has been issued, and that a bond has been given with surety to respond in damages in consequence of this act, if adjudged to be a wrongful trespass.

The only purpose for which this warrant could have been legally issued, is to discover articles necessary to be produced in evidence or otherwise on the trial of any one accused of crime.

A search-warrant cannot be granted unless on an affidavit setting forth sufficient facts in the opinion of the magistrate, to justify the issuing of such warrant, and he cannot legally issue a search-warrant unless for the purposes set forth in the statute. It should appear that on information, given on oath, and to the satisfaction of the magistrate that the party whose premises are to be searched had in his possession, in the case at bar for example, that the search was instituted for the purpose of discovering said article that it might be produced as evidence or otherwise on the trial of one accused of crime. It is a process which the Constitution enjoins shall be issued with great caution, as every person has a right to be secure from all unwarrantable searches and seizures.

It is not a crime to have okolehao in possession, and a

The King *v.* Ah Lou You and others.

search-warrant cannot be legally issued for its search and seizure unless the purpose is to produce the same in evidence on the trial of one accused of crime.

The best evidence in the case is the warrant itself, and the same should have been introduced, or its loss accounted for, before secondary evidence of its contents could have been introduced. There is no process where the law enjoins such care and circumspection in its service as a search-warrant.

In the warrant the officer is ordered to search for and bring before the magistrate the property specified in the affidavit of the informant, to be disposed of according to justice; and also to bring before him the person in whose possession the property may be found, for examination.

Before executing the warrant the officer must give notice to the person who applied for it, that he may be present and identify the property, if found. If the doors of the building designated as the place to be searched are shut, he must declare his office and his business, and demand entrance. The warrant must be executed in the presence of two (2) of the inhabitants of the district, and an inventory must be made before it is removed, and signed by the officer and the two inhabitants.

In this case the authority of the officer cannot be presumed. He must declare his office and his business, and on the trial of the respondent for resisting the officer, the warrant by virtue of which he acted should have been introduced as the best evidence of his authority, and the exception to the ruling of the Judge presiding, in admitting evidence of the contents of the search-warrant without its production or its loss proved, is sustained.

The counsel move an arrest of judgment, on the ground that the indictment should show the nature of the official duty of the officer, the manner of its execution and the mode of resistance, and should show on its face that the process was legal, and that it could be lawfully executed at the time

and place alleged, and that the indictment should aver knowledge by the defendant that the person serving the process was an officer.

The indictment follows the language of the statute under which it is brought; also of indictments under similar statutes in England and the United States, and of forms laid down in Chitty and under the present English Act of Procedure.

The defendant might on request have obtained the particulars of the nature of the officer's duty, as well as a copy at least of the warrant, but I cannot say that the indictment is defective because these particulars are not averred.

The indictment charges that the defendant, with force and arms, wilfully and maliciously made an assault on J. W. Kahele, a public officer, viz., a constable, and with intent to resist and hinder said public officer in the discharge of his duty as such.

The respondents are distinctly charged with the intent to hinder a public officer in the discharge of his duty as such. If they had the intent to do this, they had the knowledge.

The case of the Commonwealth *vs.* Kirby, 2 Cushing 578, has been referred to as an authority on this point. The indictment in this case for assaulting and obstructing an officer in the discharge of his duty as such, that the defendant made an assault upon the officer, and while the latter was in the due and lawful execution of his office did unlawfully, knowingly and designedly hinder and oppose him. This was held to be a sufficient allegation that the defendant knew that the person assaulted was an officer.

We regard the averment as sufficient.

Exceptions sustained and new trial ordered.