## TERRITORY *v.* LAU HOON.

## No. 966.

ERROR TO CIRCUIT COURT, FIFTH CIRCUIT.

HON. L. A. DICKEY, JUDGE.

ARGUED FEBRUARY 21, 1917.                     DECIDED MARCH 2, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

INDICTMENT AND INFORMATION—*allegation by inference.*

An indictment charging bribery which substantially follows the language of the statute but alleges a material fact by inference is sufficient under our criminal procedure, supplemented by Act 215, S. L. 1915, adopting section 3791E R. L., under which an allegation that the accused gave a bribe to an officer with *intent* to influence him in the discharge of his duty, alleges by inference that the accused had knowledge of the official character of such officer and is sufficient.

BRIBERY—*allegation and proof—directed verdict.*

An indictment charging bribery of an officer to influence him to refrain from arresting players in a che fa game alleged that such game was then being carried on; the evidence failed to show that any such game had been carried on; the defendant moved for an instructed verdict in his favor, which motion was denied: Held, that the motion for an instructed verdict should have been granted.

SAME—*corrupt intent—completed crime.*

The gist of the crime of bribery is the corrupting or the attempt to corrupt an official in the discharge of his duty and is complete when the accused has done all that he can do to consummate the crime, it not being necessary that the officer accepting the bribe do so with a corrupt intent.

OPINION OF THE COURT BY QUARLES, J.

The defendant was indicted, tried and convicted of the offense of bribery. The case comes before us on writ of

error, the errors assigned being that the court erred in the following particulars: (1) In holding that the indictment states facts constituting the crime of bribery; (2) in permitting the jury to consider certain hearsay evidence; (3) in refusing to grant defendant's motion for a directed verdict; (4) in that the verdict is contrary to law; (5) in that the verdict is contrary to and not sustained by the evidence; (6) in that the court and jury erred in returning a verdict against the defendant; (7) in failing to enter any judgment against the defendant; (8) in that there is no judgment to support the verdict; and (9) in denying defendant's motion for a new trial. The indictment in the charging part alleges that the defendant, on the 17th day of December, 1915, at Lihue, "* * * unlawfully, wickedly and corruptly did offer and give to one Enoka Lovell, a police officer, the sum of thirty dollars lawful money, as a gift, with intent then and there to influence his opinion in a matter, to wit, not to arrest players at che fa games then and there being carried on unlawfully at Huleia, Lihue, Kauai, that may by law come before him in his capacity as a police officer, and did then and there commit the crime of bribery." Counsel for defendant contends that the said indictment was insufficient in that it did not state that the officer alleged to have been bribed was a police officer in the jurisdiction of Huleia where the alleged gambling was being carried on; and in failing to allege knowledge on the part of the defendant that said Enoka Lovell was a police officer. We think that the indictment, while inartistically drawn, substantially followed the language of the statute and stated an offense under the liberal provisions of our criminal procedure, supplemented by Act 215, S. L. 1915, wherein it is provided at page 308 and in section 3791E that "No indictment * * * is invalid or insufficient for the reason merely that it alleges indirectly and by inference instead of directly any matters, facts or circumstances connected with

or constituting the offense, provided that the nature and cause of the accusation can be understood by a person of common understanding." Without passing on the question as to whether or not a police officer in the district of Lihue may make an arrest in another district of his county we suggest that the indictment indirectly avers that Enoka Lovell was a police officer at Huleia. The indictment alleges that the averred act was done with the intent then and there to influence a police officer to not arrest players at che fa games then being carried on. This allegation of intent inferentially alleges that the defendant knew that the party alleged to have been bribed was a police officer and is sufficient under the statute quoted. Prior to the enactment of this statute such an allegation was held sufficient (*The King* v. *Ah Lou You,* 3 Haw. 393).

The second assignment of error has been abandoned as no exception was taken at the trial to the admission of the alleged hearsay evidence.

The third error assigned relates to the refusal of the court to grant defendant's motion for a directed verdict. At the close of the evidence for the Territory the defendant moved for a directed verdict upon the ground that there was no evidence to show that a che fa game was being carried on at Huleia and that the allegation in the indictment that such games were then being carried on is a material fact alleged in the indictment and which it was necessary to prove. Under section 4036 R. L. the crime of bribery may be committed in any "case, question, proceeding or matter pending, or that may by law come or be brought before him (the officer) in his capacity as aforesaid." The indictment in the case at bar alleged that the che fa game was then and there being carried on and was sufficient to show that the question of arresting the players in that game was one that might come before the police officer and upon which he would be called to make an arrest. The prosecution having

alleged that a che fa game was then being carried on it was a material fact and one which devolved on the prosecution to prove. There is not a scintilla of evidence in the case to show that any che fa game was being carried on at Huleia and for that reason the motion for a directed verdict should have been sustained.

This necessarily requires the granting of a new trial and renders it unnecessary to pass upon all of the errors assigned, but inasmuch as the case must go back for a new trial we deem it proper to suggest that evidence of knowledge on the part of the defendant as to the official character of the officer alleged to have been bribed ought to be introduced and that this may be done by proof of circumstances. While the evidence in the record shows such knowledge by inference, the inference is a weak one. It may be that the police officer had been in office for a number of years; that he wore a uniform, a badge, or both; and that the defendant had met him frequently under such circumstances. As a rule all material facts alleged in an indictment should be proven by the prosecution and the proof should be clear and convincing. But an opinion entertained or knowledge possessed by an accused is frequently a matter not susceptible of direct proof and can only be shown by circumstances.

Counsel for the defendant takes the position that the offense was not completed and that the evidence only shows an attempt to bribe the officer, arguing that a corrupt intent upon the part of both the defendant in giving and of the officer in receiving is necessary to complete the offense of bribery. To sustain this position counsel cites *People* v. *Peters,* 265 Ill. 122. By statute in Illinois bribery, when consummated, is made a felony as to both parties and punishable by imprisonment in the state penitentiary for not less than one nor more than five years, while an attempt to bribe is made punishable by a fine not exceeding $5000.

The evidence tends to show that the defendant went to Enoka Lovell and made him a proposition to pay him fifty dollars a month for the protection of a che fa game to be conducted at Huleia; that at the time said that he only had thirty dollars, which he gave Enoka Lovell, telling him that he would soon deliver the other twenty; that early the next morning the police officer went to the sheriff, gave him the thirty dollars and informed him of the defendant's proposition. From the proven facts it is argued that there was no corrupt intent on the part of the police officer and therefore the crime of bribery was not consummated. The gist of bribery is the corrupting or attempt to corrupt an official in the discharge of his duty, and when a defendant has done all that he can to consummate such purpose he has committed the offense whether he brings about the desired result or not. A corrupt intent on the part of the party accepting the bribe is not necessary (9 C. J. 404; 4 R. C. L. 178; *Commonwealth* v. *Murray*, 135 Mass. 530; *People* v. *Bunkers*, 2 Cal. App. 197; *Minter* v. *State*, 70 Tex. Cr. 634). The bribe may relate to a future offense as well as to a present one (*Minter* v. *State, supra*).

If there was sufficient evidence in the record from which the jury could find that a game of che fa was being conducted at Huleia the defendant would not be entitled to a new trial, but, as before suggested, the absence of any evidence on this point entitles him to a new trial.

The judgment sentencing the defendant to pay a fine of $500 and costs of court is reversed and a new trial granted. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Fred Patterson* for plaintiff in error.

*S. K. Kaeo*, County Attorney of Kauai, for the Territory.