CHARLES A. KUKLIS *vs.* COMMONWEALTH.

Suffolk.    October 4, 1971. — March 3, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, & HENNESSEY, JJ.

*Practice, Criminal,* Double jeopardy, Duplicitous convictions.  *Constitutional Law,* Double jeopardy.  *Pleading, Criminal,* Duplicitous charges.

If there was identity among charges against a defendant for being present where marihuana was kept, G. L. c. 94, §213A, possession of marihuana, G. L. c. 94, § 205, and possession of marihuana with intent to sell, G. L. c. 94, § 217B, it was not the intent of the Legislature to permit punishment on all such charges. [305-306]

Two statutory violations may be charged against a defendant as the result of a single act if each statutory violation requires proof of an additional fact which the other does not and thus an acquittal or conviction under either statute would not exempt the defendant from prosecution and punishment under the other. [306]

Where a defendant was charged with possession of marihuana and possession of marihuana with intent to sell at the same time and place, the two charges were duplicitous because the indictment for possession with intent to sell expressed no more than an aggravated form of simple possession. [307-308]

In the circumstances, a defendant charged with possession of marihuana and being present where marihuana was kept, at the same place and time, could not be punished on both charges. [308-309]

Where a defendant was convicted and sentenced on charges of being present where marihuana was kept, possession of marihuana, and possession of marihuana with intent to sell, at the same time and place, but on the record the charges and convictions were duplicitous, this court affirmed the judgment for possession with intent to sell and ordered the judgments on the other two charges to be vacated and the complaints therefor to be dismissed. [309]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on June 12, 1970.

The case was reserved and reported by *Cutter, J.*

*Edward Rudnitsky (James J. Gillis, Jr.,* with him) for the petitioner.

*Charles E. Chase,* Assistant Attorney General, for the Commonwealth.

HENNESSEY, J. This writ of error was heard in the county court by the single justice who made findings of facts as to some pertinent issues and reserved and reported the matter without decision to the full court. Kuklis was admitted to bail, by order of the single justice, pending a decision by the full court on the issues here presented.

We summarize the facts as determined from the findings of the single justice, a stipulation filed by the parties, and the transcript of the proceedings below. Kuklis was tried on two complaints in the District Court and found guilty of being present where a narcotic drug (marihuana) was kept and possession of a narcotic drug (marihuana). He was also bound over for the grand jury and duly indicted for possession of a narcotic drug with intent to sell (marihuana).[1] The two District Court complaints are hereinafter referred to as the lesser charges. The

---

[1] The three statutes involved are, in pertinent part, as follows: "Whoever . . . is in possession of any narcotic drug, other than heroin, except by reason of a prescription lawfully and properly issued, shall be punished by a fine of not more than one thousand dollars or by imprisonment in the state prison for not more than three and one-half years, or in a jail or house of correction for not more than two and one-half years." G. L. c. 94, § 205, as appearing in St. 1958, c. 95, § 1. "Whoever is present at a place where he knows a narcotic drug is illegally kept or deposited, or whoever is in the company of a person, knowing that said person is illegally in possession of a narcotic drug . . . may be punished by imprisonment in the state prison for not more than five years, or by imprisonment in a jail or house of correction for not more than two years or by a fine of not less than five hundred dollars nor more than five thousand dollars." G. L. c. 94, § 213A, as appearing in St. 1960, c. 204, § 2. "Whoever has in his possession with intent to sell a narcotic drug, other than heroin . . . shall for the first offense be punished by imprisonment in the state prison for not less than five nor more than ten years; and for a second or subsequent offense by imprisonment in the state prison for not less than ten nor more than twenty-five years . . . ." G. L. c. 94, § 217B, as appearing in St. 1960, c. 204, § 3.

alleged time and place of offence were the same in all three cases. Kuklis appealed the guilty findings and all three cases came up for trial in the Superior Court. Kuklis there pleaded guilty to all charges, was sentenced on the lesser charges to concurrent one year sentences in the House of Correction at Dedham, and on the indictment he received a suspended sentence of five years and one day at Massachusetts Correctional Institution at Concord together with three years of probation to be served at the expiration of the house of correction sentences.

At the hearing before a Superior Court judge, Kuklis's counsel stated that Kuklis wished to plead guilty to the indictment. Defence counsel then asked, "Before we do that, do you want to clear up the dismissal of the two other complaints?" On the suggestion of the district attorney, the judge proceeded to hear guilty pleas by Kuklis on all three cases. The arresting officer then testified as to the facts as follows: Kuklis was arrested in a room of his apartment and in the same room were found about two kilos of marihuana and a set of scales. All three charges were grounded on this one arrest. Kuklis stated that he was in sole possession of the room and everything in it. Other persons who were arrested in the apartment were charged with being in the presence of marihuana, but none other than Kuklis was charged with possession of marihuana or possession of marihuana with intent to sell. There was relatively lengthy interrogation of Kuklis as to whether the guilty pleas were intelligently, freely and voluntarily made. The judge found that the guilty pleas were intelligently, freely and voluntarily made and accepted the pleas.

The district attorney then recommended, and Kuklis's counsel requested, that the lesser charges be dismissed as duplicitous. After sentencing, Kuklis moved to withdraw all of his guilty pleas stating as his reason that he was hoping that the lesser charges would be considered duplicitous and not because he claimed to be innocent. The judge denied the motion.

The single justice found that "all three pleas of guilty were freely, intelligently, and voluntarily made by Kuklis (a) without any improper inducement; (b) without any misunderstanding or mistake by him or his counsel; and (c) with full knowledge of the circumstances and risks; and (d) after appropriate and full inquiry of Kuklis by, and in the presence of [the judge]." Kuklis now seeks dismissal of the two lesser charges as duplicitous.

1. A plea of guilty is an admission of the facts charged and "is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. . . . When one so pleads he may be held bound." *Kercheval* v. *United States*, 274 U. S. 220, 223–224. The trial judge has the duty to insure that the pleas are voluntarily and intelligently made. *Boykin* v. *Alabama*, 395 U. S. 238, 242–244. The single justice found that the pleas here were freely, intelligently and voluntarily made. The findings were based upon extensive and appropriate questioning of Kuklis before the pleas were accepted by the Superior Court judge and by further extensive questioning by that judge when Kuklis later moved to withdraw the pleas. Kuklis's responses to several of these questions were that he understood that his guilty pleas were sufficient proof to convict him of all charges and constituted admissions of all the facts alleged in the indictments.

Kuklis now argues that sentencing him on all three charges, for what he contends was "the same act," contravened his constitutional protection against double jeopardy. More precisely stated, the issue he raises is that there is an identity among the three charges which precludes punishment upon more than one charge. Where there is identity between two charges, the imposition of two sentences results in two punishments for the same offence. The Commonwealth argues that, even if it is found that there is identity among the three charges here, the legislative intent was that there should be punishment for each and all of the violations. "There is nothing in the Constitution which prevents Congress from punishing

separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction" (citations omitted). *Albrecht* v. *United States,* 273 U. S. 1, 11. This rationale has been applied to uphold multiple convictions upon narcotics charges where there was an identity among the several charges. *Gore* v. *United States,* 357 U. S. 386. *United States* v. *Funk,* 412 F. 2d 452 (8th Cir.). *State* v. *Harris,* 63 N. J. Super. 184. *State* v. *McDonald,* 92 N. J. Super. 448. We conclude, however, that it was not the intent of the Massachusetts Legislature that this reasoning should be applied to identical charges arising under the three statutes involved in the case before us. It follows that the judgments of guilt cannot all stand if there was identity among the three charges.

The rule for the determination of identity between charges has been stated in *Morey* v. *Commonwealth,* 108 Mass. 433, 434, as follows: "A single act may be an offence against two statutes; and if *each* statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other" (emphasis supplied). This test to determine whether one act or transaction can give rise to one or many statutory violations without infringing the defendant's double jeopardy protection was later adopted by the United States Supreme Court. *Blockburger* v. *United States,* 284 U. S. 299, 304. *Gore* v. *United States,* 357 U. S. 386, 390–393. It has been applied by our court on numerous occasions.[2] The same principle is otherwise stated, in cases involving consecutive prosecutions, that the test of identity is whether the defendant might have been convicted in the earlier prosecution by proof of the facts charged in the later indict-

_____

[2] *Commonwealth* v. *Roby,* 12 Pick. 496, 503–506. *Commonwealth* v. *Crecorian,* 264 Mass. 94, 96. *Commonwealth* v. *Azer,* 308 Mass. 153, 156. *Commonwealth* v. *Maguire,* 313 Mass. 669, 672. Cf. *Commonwealth* v. *Haskins,* 128 Mass. 60, 61; *Commonwealth* v. *Ronchetti,* 333 Mass. 78, 82–83; *Commonwealth* v. *Carson,* 349 Mass. 430, 434–436; *Commonwealth* v. *Berryman,* 359 Mass. 127, 130, 131.

ment or complaint. *Commonwealth* v. *Roby,* 12 Pick. 496, 504. *Commonwealth* v. *Mahoney,* 331 Mass. 510, 512. "In considering the identity of the offence, it must appear by the plea, that the offence charged in both cases was the same *in law* and *in fact.* The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." *Commonwealth* v. *Roby, supra,* at 504. See *Commonwealth* v. *DiStasio,* 297 Mass. 347, 356, and cases cited; *Commonwealth* v. *Azer,* 308 Mass. 153, 156, and cases cited. The Commonwealth argues that the rule that has been applied in some other jurisdictions is that convictions are permitted under two statutes if *either* statute requires proof of an additional fact which the other does not. Despite the wording of their rule, we believe that these jurisdictions are applying the same principles as those stated in the *Morey* case. *Matthews* v. *Swope,* 111 F. 2d 697 (9th Cir.). *Kendrick* v. *United States,* 238 F. 2d 34 (D. C. Cir.). *People* v. *Hairston,* 46 Ill. 2d 348. Assuming that those other jurisdictions have stated their rule precisely, it is not the rule in Massachusetts.[3]

Applying these principles, we conclude that there was duplication in the charges of possession of marihuana and possession of marihuana with intent to sell, and it was error to impose sentence on both charges. The defendant has been harmed because the several sentences, were not merely concurrent in their operation. See *Green* v. *United States,* 274 F. 2d 59, 61 (1st Cir.), *S. C.* 365 U. S. 301, 306. Since the same time, place and type of drug

[3] Under the rule as urged by the Commonwealth, the following duplicitous convictions and punishments, all of which are presently regarded as legally impermissible, could ensue from a single act of the defendant involved in each instance: (1) Armed robbery, robbery, and larceny, (2) Assault with intent to murder, and assault, and (3) Murder, and assault and battery.

Multiple convictions and punishments arising from a single act or transaction have been affirmed, however, in instances of successive prosecutions, where the earlier judgment on the lesser offence was obtained in a District Court which did not have jurisdiction to try the later and more serious charge: *Commonwealth* v. *McCan,* 277 Mass. 199, 205 (indecent assault and rape). *Commonwealth* v. *Jones,* 288 Mass. 150 (negligent operation of an automobile and manslaughter). *Commonwealth* v. *Mahoney,* 331 Mass. 510, 511–514 (assault and battery, larceny, and armed robbery). *Commonwealth* v. *Vanetzian,* 350 Mass. 491, 493–494 (assault and battery, and murder).

were alleged in each charge, the indictment for possession
with intent to sell expressed no more than an aggravated
form of simple possession.  The Commonwealth argues
that in exceptional circumstances two such convictions
could stand together, as when a defendant has been shown
to possess part of a quantity of a drug for sale and part of
it for his own use.  *State* v. *Vallejos,* 89 Ariz. 76, 83.
Whether or not a rule of such fine distinctions should
ever be applied we need not decide here, since in this
case the circumstances do not permit such reasoning.

2.  There was not necessarily an identity, on the other
hand, between the charge of being present where mari-
huana was kept and the charges alleging possession of
marihuana.  As we have indicated above, however, it was
not the legislative intent that a defendant should be pun-
ished for both possession of a drug and being present
where the drug was kept, where the two charges involve
the same time and place, and the identical mass of a
single drug.  Therefore, as Kuklis correctly contends, the
convictions for possession and being present cannot stand
together unless another person besides Kuklis also had
unlawful ownership, possession or control of marihuana
at that time and place.  That was possible in this case,
since other persons were arrested at the same time and
place that Kuklis was arrested.  One or more of those
persons could have possessed or owned a quantity of
marihuana at that time and place, either part of the
two kilos which were introduced in evidence at the hear-
ing, and claimed by Kuklis as his own, or other mari-
huana unknown to the arresting officers.

In the special circumstances of this case, however, the
above mentioned possibilities which would tend to support
the imposition of two sentences, cannot properly be con-
sidered.  The statements of both the defence counsel and
the prosecutor made before and after the pleas of guilty
were entered, demonstrated that there was no additional
evidence available which would support punishment on
more than one charge.  We add that it is clear from the
record that the judge's decision to impose punishment

upon all three charges was premised, not upon the expectation that other evidence might exist to justify such a disposition, but upon his ruling, contrary to the conclusion that we have reached, that the Legislature intended that in circumstances like those presented here it is permissible to impose multiple sentences.

Our determination that the concurrent pleas of guilty to the charges of possession of marihuana and being present where marihuana was kept were not sufficiently corroborated by the facts is consistent with the findings of the trial judge, as well as the single justice in the county court, that the pleas of guilty were voluntarily and intelligently made. As to each of the three charges, the defendant voluntarily and intelligently conceded his guilt, but he simultaneously and correctly contended that only a single judgment was permissible.

3. Any one of the three judgments, but no more than one, may properly be affirmed by us. In these circumstances, we conclude that the sentence imposed on the most serious crime is valid. See *Green* v. *United States*, 274 F. 2d 59, 61 (1st Cir.), *S. C.* 365 U. S. 301, 306.

The cases are remanded to the Superior Court. The sentences on the two complaints for being present where a narcotic drug was kept and possession of a narcotic drug are to be vacated, and those two complaints are to be dismissed. Judgment is affirmed as to the indictment for possession of a narcotic drug with intent to sell.

*So ordered.*