COMMONWEALTH *vs.* ERNEST MACK, JR. November 4, 1977. The defendant Mack appeals from convictions of armed robbery and kidnapping.[1] On October 26, 1974, in daylight, two pedestrians, one of them (Georgilas) an off duty Boston police officer, were accosted by a young man on a street in the Chinatown section of Boston and ordered at gunpoint into a car operated by another young man later identified as the defendant. In the next ten or fifteen minutes the victims were driven to a housing project in Jamaica Plain where they were robbed. During struggles which ensued, one of the victims (Huckvale) lost two fingers, severed by a shot from a gun fired by Mack. The robbers then fled. Three days later, in a hallway of a District Court, Georgilas spotted Mack standing among a group of at least three or four persons of the same sex, race and age group. There were then an additional fifteen or twenty such persons in the general area. A few days later Huckvale selected Mack's photograph from an array of approximately fifteen photographs shown to him by the police. 1. Without depicting the circumstances in greater detail, we conclude that the defendant has failed to carry his burden of showing that either of these pre-trial identification procedures was suggestive. The defendant made no motion to suppress, no request for a voir dire and no objec-

---

[1] The appeal by his codefendant Futch is reported in *Commonwealth* v. *Futch, ante,* 842 (1977).

tion to the admission in evidence of these identifications. Reliance was obviously placed upon cross examination of the witnesses and the development of an alibi. The in-court identifications by the victims were in any event based upon independent sources, opportunities to observe their assailants during the commission of the crimes. *Commonwealth* v. *Kennedy,* 3 Mass. App. Ct. 218, 221-222 (1975). *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 534 (1975). 2. There was no error in the denial of the defendant's motion for directed verdicts on the kidnapping indictments. The evidence in support of convictions under those indictments was more compelling, particularly with respect to the asportation of the victims, than that before the court in *Commonwealth* v. *Talbot, ante,* 857 (1977), in which this court affirmed the denial of a motion for a directed verdict. See *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-307 (1972); *In re Earley,* 14 Cal. 3d 122, 126-133 (1975); *People* v. *Thomas,* 3 Cal. App. 3d 859, 865, 866 (1970). See also Model Penal Code § 212.1 (Tent. Draft No. 11, 1960). Compare *People* v. *Daniels,* 71 Cal. 2d 1119, 1126-1127 (1969); *People* v. *Williams,* 2 Cal. 3d 894, 902 (1970), cert. denied, 401 U. S. 919 (1971); *People* v. *Ross,* 276 Cal. App. 2d 729, 736-737 (1969).

*Judgments affirmed.*

The case was submitted on briefs.
*Lucious Dillon* for the defendant.
*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.