COMMONWEALTH *vs*. PAUL ENOS. No. 88-P-376. November 28, 1988. *Identification. Evidence*, Impeachment of credibility. *Practice, Criminal*, Argument by prosecutor, Duplicitous punishment. *Armed Assault in a Dwelling. Breaking and Entering.*

In order to force entrance into a dwelling, an intruder, who the Commonwealth alleged was the defendant, used a tire iron. Doubtless to his surprise, the intruder, once he succeeded in prying open the entrance door of the dwelling, discovered an occupant, Tira White, on the other side of the door brandishing a baseball bat. So confronted, the intruder waved his tire iron. After an instant of mutual appraisal, White, the occupant, declined combat and fled from the apartment and the building in which it was located. A jury found the defendant Enos guilty of assault in a dwelling while armed with a dangerous weapon (G. L. c. 265, § 18A) and breaking and entering a dwelling house in the night time with intent to commit a felony, while armed with a dangerous weapon and assaulting a person therein (G. L. c. 266, § 14). Enos has appealed.

1. *Voice identification of witness.* The defendant's mother, Margaret Perry, testified as an alibi witness. To impeach her credibility, the prosecutor inquired about a telephone call Perry had made to White to apologize for her son's breaking into White's apartment. Perry denied making any such call. White, summoned as a rebuttal witness, testified that she had heard Perry testify in court, and her voice was that of the woman who had called her about a week after the break into her apartment. Although voice identification evidence has been accepted under circumstances thought appropriate or sufficiently hedged with safeguards (e.g., the presence of counsel), the cases manifest apprehension about its too free use to identify a defendant. See *Commonwealth* v. *Torres*, 367 Mass. 737, 740-741 (1975); *Commonwealth* v. *Marini*, 375 Mass. 510, 515-519 (1978); *Commonwealth* v. *Gauthier*, 21 Mass. App. Ct. 585, 587-588 (1986). Judicial concern about the reliability of identification, visual or aural, of defendants is that identification in such cases places the taint of guilt directly on the accused. If the purpose of identification is to impeach the credibility of a witness other than the defendant, then the consequence of misidentification is less, and, in turn, the possibility that the identification was the product of suggestion is of less concern. See, by analogy, *Commonwealth* v. *Simmons*, 383 Mass. 46, 51-53 (1981), and *Commonwealth* v. *Spann*, 383 Mass. 142, 146-148 (1981), which discuss, respectively, greater — though not unlimited — tolerance of suggestiveness in the identification of an inanimate object and

the identification of a victim. When the voice identification is of a person other than the defendant, we may rely on cross-examination and argument to illuminate weaknesses in the identification, whether by reason of suggestion or conditions for observation. *Commonwealth* v. *Mezzanotti, ante* 522, 527-528 (1988). The voice identification of Perry by White was, therefore, legally permissible.

2. *Other matters relating to the trial.* Other claims of error by the defendant concerning the conduct of the trial are susceptible of summary comment.

(a) It is settled that, on proper foundation, the prosecution may adduce evidence of, and comment upon, a failure to report exculpatory evidence to the authorities promptly. *Commonwealth* v. *Berth*, 385 Mass. 784, 790-791 (1982). *Commonwealth* v. *Gregory*, 401 Mass. 437, 445 (1988). *Commonwealth* v. *Brown*, 11 Mass. App. Ct. 288, 295-297 (1981). *Commonwealth* v. *Rivers*, 21 Mass. App. Ct. 645, 647-648 (1986). *Commonwealth* v. *Bassett*, 21 Mass. App. Ct. 713, 717 (1986). *Commonwealth* v. *Barros*, 24 Mass. App. Ct. 964 (1987). Putting questions to lay the necessary foundation in the presence of the jury is not improper. *Commonwealth* v. *Egerton*, 396 Mass. 499, 507-508 (1986). In the case at bar, the judge cut off the prosecutor's inquiry about the pretrial silence of a defense witness, and the adequacy of the foundation laid for such a line of inquiry lapsed into insignificance. The point pressed by the defense on appeal is frivolous.

(b) In his closing argument, the prosecutor described the victim, White, as having said when she selected the defendant's photograph from an array, "That's the guy that robbed me." What White in fact said was, "That's him." The prosecutor's embellishment is hardly a gross distortion. Significantly, trial counsel for the defendant (not the same lawyer as appellate counsel), who made an aggressive and challenging defense, let that particular portion of the prosecutor's argument pass without comment. See *Commonwealth* v. *Bourgeois*, 391 Mass. 869, 878-879 (1984); *Commonwealth* v. *Owens*, 402 Mass. 639, 642 (1988).

On the ground that it improperly expressed the prosecutor's opinion, the defendant objects to the following passage from the closing argument: "You can ask yourself, what kind of man, what kind of person would break into a woman's apartment and rob her? I'd suggest to you . . . the same type of man that would have his mother and his girl friend get on the stand and tell that story that you heard. . . ." The quoted material, as argument, suffers from non sequitur and excessive hot air, but is some distance from misconduct requiring reversal. The prosecutor did not, as the defendant argues, express his opinion; rather he suggested the jury might draw the conclusion that the alibi testimony had been contrived. Such a line of argument is within bounds. See *Commonwealth* v. *Silva*, 401 Mass. 318, 329 (1987); *Commonwealth* v. *Ianelli*, 17 Mass. App. Ct. 1011, 1013 (1984). See also *Commonwealth* v. *Shea*, 401 Mass. 731, 738-739 (1988). Contrast *Commonwealth* v. *Chase, ante* 578, 584 (1988), in which a pros-

ecutor's suggestions about what the jury might find about a "type of person" was an appeal to the jury to consider evidence beyond the limited purpose for which it was admitted.

(c) Testimony by White that after the defendant pried open her door he raised the tire iron and commanded her to put down her baseball bat was sufficient to take to the jury the element of intent which must be found to make out the crime of assault. Such an intent may be inferred on the basis of an overt act which puts another person in fear and that fear is reasonable, irrespective of whether the defendant actually meant to do personal injury. *Commonwealth* v. *Henson*, 357 Mass. 686, 692-693 (1970).

3. *Duplicative sentence.* The Commonwealth has correctly conceded that assault in a dwelling ·while armed with a dangerous weapon is an included offense within breaking and entering into a dwelling in the night time, armed with a dangerous weapon, and assaulting a person therein. A defendant may be tried on overlapping indictments but may be sentenced only on one of duplicative charges. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-309 (1972). *Commonwealth* v. *Jones*, 382 Mass. 387, 394-395 (1981).

The sentence imposed for assault in a dwelling while armed with a dangerous weapon (indictment no. 86-1664) is vacated, and the verdict is set aside, and the indictment is to be dismissed. The remaining judgment is affirmed.

*So ordered.*

*William A. Hahn* for the defendant.
*Judith C. Knight*, Assistant District Attorney, for the Commonwealth.