COMMONWEALTH vs. RONNIE EVANS GORDON.

No. 95-P-1588.

Berkshire. September 16, 1996. - May 13, 1997.

Present: SMITH, PORADA, & GREENBERG, JJ.

*Practice, Criminal,* Duplicative charges. *Burglary.*

This court concluded that, with regard to the provisions of G. L. c. 266, § 14, which require the burglar to be armed or to commit an actual assault, those provisions merely modify and aggravate the principal crime of burglary and, as a consequence, there can be only one conviction under that statute for armed burglary regardless of how many persons the perpetrator assaults in the dwelling in the course of a burglary [602-605]: a defendant convicted on multiple indictments under G. L. c. 266, § 14, arising out of one incident with multiple victims was entitled to dismissal of all but one of the indictments as duplicative and resentencing on the remaining indictment [605-606].

INDICTMENTS found and returned in the Superior Court Department on October 21, 1994.

The cases were heard by *Richard F. Connon,* J.

*David Skeels,* Committee for Public Counsel Services, for the defendant.

*Eric Neyman,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was the subject of five indictments: three of the indictments charged him with armed burglary or assault (G. L. c. 266, § 14), and the remaining indictments charged him with armed robbery and armed home invasion.

The defendant waived his right to a trial by jury and was tried before a Superior Court judge. The Commonwealth presented evidence demonstrating that the defendant and another individual, who was armed with a sawed-off shotgun, were engaged in a joint venture when they forced their way

into an apartment in Pittsfield at 5:00 A.M. on August 31, 1994. In the apartment were three adults and two children. Upon entering the apartment, the defendant's companion waved the sawed-off shotgun around the room. This display of the gun frightened the adults and caused the children to scream and cry. The defendant demanded money. After one of the adults gave the defendant $400, the defendant and his companion left the apartment. The defendant was later arrested by the police. His companion was not apprehended.

The defendant was convicted on the three indictments charging him with armed burglary or assault and the indictment charging him with armed robbery. He was found not guilty on the indictment charging him with armed home invasion. He was sentenced to from ten to fifteen years at M.C.I., Cedar Junction, on the three indictments charging him with armed burglary, and from five to ten years on the armed robbery indictment. The sentences were to run concurrently.

The three indictments charging the defendant with armed burglary or assault alleged the same acts with the exception that each indictment named a different victim.[1] On appeal, the defendant contends that because there was one act of armed breaking and entering of a dwelling house in the nighttime, two of the three burglary indictments which involved the same act of armed burglary must be dismissed as duplicative.[2]

When two or more separate indictments allege the same offense, they are duplicative and all but one indictment must be dismissed. Even if a defendant receives concurrent sentences on the duplicative indictments, his convictions on all but one

---

[1]The indictments at issue read as follows:

"Ronnie Evans Gordon . . . did break and enter in the nighttime the dwelling house of Tara Taliaferro, situated in said Pittsfield, with the intent to commit a felony while being armed with a dangerous weapon, to wit: a shotgun or did arm himself in such house, or made an actual assault upon [name of individual victim inserted], who was then lawfully therein, in violation of Massachusetts General Laws Chapter 266, Section 14."

[2]The defendant did not raise the issue at trial. However, a defendant sentenced twice for the same crime is entitled to relief on appeal despite failing to preserve his appellate rights at his trial. Commonwealth v. Stewart, 375 Mass. 380, 393 (1978).

of the indictments must be vacated. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 309 (1972). *Commonwealth* v. *Jones*, 382 Mass. 387, 395-397 (1981). *Commonwealth* v. *Thomas*, 401 Mass. 109, 119 (1987).

A person violates G. L. c. 266, § 14, by engaging in either of the following activities: 1) breaking and entering a dwelling house in the night, with the intent to commit a felony, with any person being lawfully inside the dwelling, and being either armed with a dangerous weapon or arming himself with a dangerous weapon once in the house; *or*, 2) breaking and entering a dwelling house in the night, with the intent to commit a felony, with any person being lawfully inside the dwelling, and making an actual assault on a person lawfully therein.[3] The Commonwealth argues that the three indictments charging the defendant with armed burglary or assault are not duplicative because the defendant assaulted three different persons inside the apartment.

Although we have not found any reported decisions (nor have we been referred to any) regarding our inquiry as to indictments under G. L. c. 266, § 14, in *Commonwealth* v. *Levia*, 385 Mass. 345, 347 (1982), the court addressed a similar issue pertaining to the armed robbery statute (G. L. c. 265, § 17). In *Levia*, the defendant while masked, robbed two employees of a store owner and forced each of them to give him money belonging to the owner. Two indictments for masked armed robbery were returned, naming the employees, respectively as the victims. The indictments were tried together, and successive sentences were imposed as the result of the guilty verdicts. The defendant appealed, arguing that the crux of the matter was larceny of money from the owner;

---

[3]"Where the statute 'disjunctively prescribes several acts in a series of acts, all of which are alleged in the [indictment], then the Commonwealth may prove the violation of the statute by proof of the performance by the defendant of any one of the said acts.' " *Commonwealth* v. *Murphy*, 415 Mass. 161, 164 (1993), quoting from *Commonwealth* v. *Martin*, 304 Mass. 320, 322 (1939). Because G. L. c. 266, § 14, describes the elements of the offense in the alternative, the defendant cannot be found guilty of separate offenses for committing the offense by each means. Commission of a crime by alternate means "whether singly or together subjects the defendant on [his] conviction to one punishment." *Commonwealth* v. *Hogan*, 249 Mass. 555, 564 (1924). Here, the Commonwealth focused on the assault portion of the armed burglary indictment rather than that portion of the indictment charging the defendant with being armed with a dangerous weapon at the time of the breaking and entering.

therefore, only one "robbery" occurred. The court disagreed and stated that "[i]t is noteworthy that the armed robbery statute, G. L. c. 265, § 17, is found under the chapter of the General Laws entitled 'Crimes against the Person,' rather than under the chapter (c. 266) entitled 'Crimes against Property.'" *Commonwealth* v. *Levia,* 385 Mass. at 348. The court also noted that "the Legislature has not imposed different statutory penalties for robbery according to the value of the property taken, as it has with respect to the crime of larceny (see G. L. c. 266, § 30), thus suggesting that it was not so much concerned with the larceny aspect of the crime of robbery as with its assault aspect." *Ibid.* Further, the court recognized that in at least one decision it had stressed the assault aspect of the armed robbery statute. *Ibid.,* citing *Commonwealth* v. *Weiner,* 255 Mass. 506, 509 (1926). See also *Commonwealth* v. *Dello Iacono,* 20 Mass. App. Ct. 83, 89 (1985), which discussed the *Levia* decision.

In deciding the issue before us, we borrow the analysis used by the court in *Levia* but because of the nature of G. L. c. 266, § 14, we reach a different result.

The Legislature has the power to define criminal offenses. *Commonwealth* v. *Jackson,* 369 Mass. 904, 909 (1976). Our inquiry is whether the Legislature in enacting G. L. c. 266, § 14, intended that one act of armed burglary, accompanied by an assault or assaults on the occupants would result in one indictment for armed burglary or multiple armed burglary indictments.

Burglary has been described as "essentially a crime against a person's possessory interest in his dwelling." Nolan and Henry, Criminal Law § 404 (2d ed. 1988). In that regard, we note that the Legislature placed G. L. c. 266, § 14, in the chapter of General Laws entitled Crimes against Property (G. L. c. 266) and not in the chapter entitled Crimes Against the Person (G. L. c. 265).

In *Commonwealth* v. *Hope,* 22 Pick. 1, 9-10 (1839), the court embarked on a discussion of the statutory history of the crime of burglary after the Revolutionary War:

> "Then came the statute of 1805, c. 101, which is very familiar, and which divides this offence of burglary and housebreaking into various classes. Burglary in the night time, if the person was armed with a dangerous weapon,

was punished by death; if not armed, by hard labor for life; but if the offence was committed in the daytime, the penalty was less severe. In all these cases, it is described as done with an intent to kill, rob, steal, commit rape, or to do or perpetrate any other felony.

"The result of the review of our own legislation is to show that from the earliest time, housebreaking by night and by day, has been deemed a substantive crime of great aggravation, and been punished as such; that in the earlier enactments, the intent to steal or commit other felony, was not an essential ingredient of the crime, though it was probably always regarded as the criminal motive; that afterwards, when this intent was added as an ingredient of the crime, it was still *considered that housebreaking was the leading and principal offence, and the felonious intent was regarded as a modification and aggravation of the principal crime.*" (Emphasis supplied.)

In regard to the provisions of G. L. c. 266, § 14, which require the burglar to be armed or to commit an actual assault, we hold that these requirements merely "modif[y] and aggravat[e] the principal crime [of housebreaking]." *Ibid.* We observe that the Legislature dealt with these aggravated forms of burglary by increasing the punishment associated with convictions under G. L. c. 266, § 14, rather than sanctioning the issuance of multiple indictments when there has been only one act of armed breaking and entering a dwelling at night with the intent to commit a felony.[4] Therefore, when viewed from the perspective that the assault aggravates the burglary, there can be only one conviction under G. L. c. 266, § 14, for armed burglary, regardless of how many people the perpetrator assaults once inside the dwelling.[5]

---

[4]Punishment for a conviction under G. L. c. 266, § 14 (burglary; armed; assault on occupants) requires, "imprisonment in the state prison for life or for any term of not less than ten years," G. L. c. 266, § 14; whereas punishment for a burglary conviction under G. L. c. 266, § 15 (burglary; unarmed — with no assault on a person lawfully within) requires, "imprisonment in the state prison for not more than twenty years . . . [or] for not less than five years."

[5]We express no view on whether, in future cases like this, the Commonwealth, instead of charging a defendant with multiple aggravated

The matter is remanded to the Superior Court where two of the three indictments charging the defendant with violations of G. L. c. 266, § 14, are to be dismissed and the defendant is to be resentenced on the third indictment. Because his convictions on the multiple indictments might have affected his sentence on the armed robbery indictment, he is also to be resentenced on that indictment.

*So ordered.*

burglaries, may properly charge him with multiple armed assaults in a dwelling under G. L. c. 265, § 18A. Nor do we decide whether the Commonwealth may properly charge one aggravated burglary under G. L. c. 266, § 14, and, at the same time, other offenses, — e.g., armed assault in a dwelling, assault by means of a dangerous weapon, or simple assault, as the facts of the case may warrant — that may have been committed against individuals on the premises other than the victim named in the aggravated burglary indictment. Our holding in *Commonwealth* v. *Enos*, 26 Mass. App. Ct. 1006, 1008 (1988), a case involving a single victim, does not necessarily preclude these alternative approaches. The Commonwealth has not argued these alternatives before us. It asks only that the three aggravated burglary indictments be allowed to stand.