COMMONWEALTH *vs.* ROBERT E. MAZZANTINI. No. 08-P-502. July 17, 2009. *Controlled Substances. Firearms. Practice, Criminal,* Plea.

The defendant pleaded guilty to possession of heroin in violation of G. L. c. 94C, § 34, and to being present where heroin is kept in violation of G. L. c. 94C, § 35. After a jury trial, the defendant was also found guilty of six counts of unlawful possession of large capacity weapons and three counts of unlawful possession of large capacity feeding devices, all in violation of G. L. c. 269, § 10(*m*). On appeal, the defendant raises several challenges to his convictions, which we determine to be without merit.[1]

1. *The heroin indictments.* Relying on *Kuklis* v. *Commonwealth*, 361 Mass. 302, 308 (1972), the defendant claims that he cannot be punished for possession of heroin and for being present where the same heroin is kept. Although the defendant concedes that the two offenses are not duplicative under the elements-based test of *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), he nevertheless claims that the Legislature did not intend that he be punished for both offenses. However, the defendant's guilty plea forecloses this claim.

In *United States* v. *Broce*, 488 U.S. 563, 569 (1989), the Supreme Court held that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Because the defendant pleaded guilty to "two counts with facial allegations of distinct offenses," he conceded that he committed two separate crimes. *Id.* at 570. To the extent the defendant believed the Legislature did not intend that both crimes be punished when the same quantity of heroin was at issue, he had the opportunity, instead of pleading guilty, to make that challenge in a pretrial motion to dismiss. *Id.* at 571. He

_____

[1]The defendant's motion to consolidate his appeals was allowed by this court.

chose not to, and hence relinquished that entitlement. *Ibid.* The defendant does not claim that his guilty plea was not voluntary and intelligent, see *Commonwealth* v. *Hunt*, 73 Mass. App. Ct. 616, 619 (2009), and therefore, the motion to vacate his sentence was properly denied. See *United States* v. *Broce*, *supra* at 574.[2]

2. *The possessory offenses.* The defendant claims that he cannot be convicted of and sentenced for the simultaneous possession of "a large capacity weapon or large capacity feeding device therefor," G. L. c. 269, § 10(*m*), as inserted by St. 1998, c. 180, § 70, in the same location, because the Legislature intended the two items to constitute a single unit of prosecution. We disagree. "The appropriate inquiry in a case like this . . . asks what 'unit of prosecution' was intended by the Legislature as the punishable act. The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution . . . , keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant's favor." *Commonwealth* v. *Rabb*, 431 Mass. 123, 128 (2000) (citations omitted). See *Commonwealth* v. *Antonmarchi*, 70 Mass. App. Ct. 463, 466 (2007).

We fail to see any ambiguity in the Legislature's choice to prohibit the unlawful possession of both large capacity weapons and the large capacity feeding devices designed for them. Indeed, these two items are defined separately, and are not merely components of a single prohibited item. See G. L. c. 140, § 121. Most telling of the Legislature's intent was its choice to criminalize the possession of the separate items in the disjunctive. See *Commonwealth* v. *Diaz*, 383 Mass. 73, 84-85 (1981); *Commonwealth* v. *Rabb*, *supra* at 129. This indicates the appropriate unit for purposes of punishment.[3]

3. *Count 9.* The prosecutor offered into evidence three thirty-round clips in support of count 9, which alleged unlawful possession of a thirty-round large capacity feeding device. Because neither the judge nor the prosecutor made clear to the jury which of three thirty-round clips constituted the substance of count 9, the defendant claims a substantial risk of a miscarriage of justice was created. We disagree. Because each of the three clips constituted sufficient proof of count 9, it was within the Commonwealth's discretion to offer multiple items of evidence in support of a single charge. See *Commonwealth* v. *Thatch*, 39 Mass. App. Ct. 904, 905 (1995); *Commonwealth* v. *Pimental*, 54 Mass. App. Ct. 325, 327-329 (2002). There was no error, and no risk that justice miscarried.

---

[2]Even if *United States* v. *Broce* did not dispose of the defendant's claim, we would find it to be without merit. After *Commonwealth* v. *Crocker*, 384 Mass. 353, 359 n.7 (1981), the same conduct analysis, which the defendant's claim engenders, applies, if at all, only to instances of successive prosecution, not multiple charges tried in a single proceeding. *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 388 (1998). Because knowingly being present where heroin is kept is not a lesser included offense of possession of heroin, *Commonwealth* v. *Fernandez*, 48 Mass. App. Ct. 530, 535 n.7 (2000), "the Legislature is presumed, in the absence of other indication of legislative intent, to have intended multiple punishments." *Commonwealth* v. *Arriaga*, *supra*. The defendant has offered nothing which rebuts that presumption.

[3]For the same reason, we find no merit in the defendant's claim that the gravamen of the offense is being in possession of the prohibited items without a proper license to carry firearms, regardless of the number of items possessed.

4. *Joint possession instruction.* Finally, the defendant claims that the judge's joint possession instruction created a substantial risk of a miscarriage of justice as it permitted the jury to convict him based merely on his shared access to his home with his wife. We disagree. The judge carefully instructed the jury that neither mere presence in the vicinity of weapons nor association with a person who controlled a weapon constitutes possession. In light of this instruction, as well as the compelling if not overwhelming evidence of the defendant's guilt, there was no error and, thus, no risk that justice miscarried.

The order denying the motion to vacate an illegal sentence and to dismiss count 3, entered on docket BECR 2003-00093 on August 19, 2008, is affirmed. The judgments entered on docket BECR 2003-00095 are affirmed.

*So ordered.*

*William W. Adams* for the defendant.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.