## Commonwealth vs. Jose Negron.[1]

Hampden. January 3, 2012. - May 2, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Assault and Battery by Means of a Dangerous Weapon. Armed Assault in a Dwelling. Burglary. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Duplicative convictions, Plea, Lesser included offense.

This court concluded that a criminal defendant does not relinquish his or her entitlement to vacate a duplicative conviction by pleading guilty to charges that are on their face duplicative. [103-109]

A Superior Court judge properly denied a motion to vacate the conviction and sentence of a criminal defendant who had pleaded guilty to indictments charging armed assault in a dwelling and burglary in the nighttime when armed or when making an assault, where the conviction of armed assault in a dwelling was not duplicative of aggravated burglary, in that neither crime was a lesser included offense of the other. [109-111]

Indictments found and returned in the Superior Court Department on August 14, 2003.

A motion to vacate the conviction and sentence, filed on October 2, 2007, was considered by *Constance M. Sweeney,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*William W. Adams* for the defendant.

*Katherine A. Robertson,* Assistant District Attorney, for the Commonwealth.

Gants, J. On the night of June 27, 2003, four armed men entered an apartment in Springfield intending to rob the occupants. The men failed in the attempt, but one of the four men shot one of the occupants with a BB gun. The occupants detained one of the men until the police arrived; the other three

[1]The indictments name the defendant Angel Sanchez. A judge in the Superior Court allowed the Commonwealth's motion to amend the indictments by naming the defendant Jose Negron.

escaped. The defendant, Jose Negron, was found hiding in a house a few blocks from the attempted robbery, and was identified by two victims as one of the persons who broke into the apartment.

The defendant was indicted on charges of home invasion, in violation of G. L. c. 265, § 18C; assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A (*b*); burglary in the nighttime when armed or when making an assault, in violation of G. L. c. 266, § 14 (aggravated burglary); and armed assault in a dwelling house, in violation of G. L. c. 265, § 18A (armed assault in a dwelling). On May 13, 2004, the defendant pleaded guilty to assault and battery by means of a dangerous weapon, aggravated burglary, and armed assault in a dwelling.[2] The defendant was sentenced to from three to five years in State prison on his conviction of assault and battery by means of a dangerous weapon. He was sentenced to two years' probation, to run concurrently and to commence on and after his release from State prison, on the other two convictions.

The defendant later filed a motion pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), to vacate the conviction of armed assault in a dwelling on the ground that it was duplicative of the conviction of aggravated burglary. A judge (who was not the sentencing judge) denied the motion. The defendant appealed, and we granted his application for direct appellate review.

*Discussion.* The defendant's motion raises two questions: whether a defendant can challenge a conviction as duplicative after having pleaded guilty to the allegedly duplicative indictments; and whether the crime of armed assault in a dwelling is a lesser included offense of aggravated burglary, such that his conviction of both offenses is duplicative and one must be vacated. We address each in turn.

1. *Collateral attacks on plea agreements.* Where a defendant is charged with two criminal offenses based on the same conduct and where the Legislature has not declared its intent that a defendant be punished separately for both offenses, convictions of a greater and lesser offense are duplicative and barred by the

---

[2]The parties state that the charge of home invasion was nol prossed, but that is not reflected on the docket.

prohibition against double jeopardy. See *Luk* v. *Commonwealth*, 421 Mass. 415, 419 (1995), citing *North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969) ("double jeopardy clause [of the Fifth Amendment to the United States Constitution] protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. . . . It is the third protection that is at issue here"); *Kuklis* v. *Commonwealth*, 361 Mass. 302, 305-306 (1972) (*Kuklis*). See also *Brown* v. *Ohio*, 432 U.S. 161, 169 (1977) ("Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense").[3]

In *Kuklis, supra* at 303-304, the defendant pleaded guilty to charges of possession of marijuana with intent to distribute, possession of marijuana, and being present where marijuana was kept, all based on possession of the same marijuana, and later sought dismissal of the latter two convictions as duplicative. We concluded that the Legislature did not intend that a defendant be punished separately for the same possession of an illegal substance, and that the latter two convictions "cannot stand"; the sentences were vacated and the complaints dismissed. *Id.* at 307-309. The Commonwealth in *Kuklis* did not contend that the defendant had waived his right to challenge his convictions as duplicative by having pleaded guilty to them, so we did not address the issue of waiver.

In *Commonwealth* v. *Clark*, 379 Mass. 623, 625-626 (1980), however, the Commonwealth argued that the defendant's guilty plea "waived his right to raise double jeopardy and due process issues on appeal," and we rejected the argument. We concluded that "[a] guilty plea will not preclude a court from hearing a constitutional claim that the State should not have tried the defendant at all," *id.* at 626, citing *Menna* v. *New York*, 423 U.S. 61, 62-63 n.2 (1975), noting that a defendant's claim of double jeopardy "goes to the 'very power of the State to bring the defendant into court.' " *Id.*, quoting *Blackledge* v. *Perry*, 417 U.S. 21, 30 (1974).

---

[3]The prohibition against double jeopardy under Massachusetts law has traditionally rested on a common-law rule. See *Commonwealth* v. *Dean-Ganek*, 461 Mass. 305, 312-313 n.11 (2012); *Thames* v. *Commonwealth*, 365 Mass. 477, 479 (1974).

A defendant's entitlement to challenge a conviction obtained through a guilty plea is reflected in rule 30 (a), which provides:

> "Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or her or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts."[4]

A guilty plea is "an admission of the facts charged and 'is itself a conviction.' " *Kuklis, supra* at 305, quoting *Kercheval* v. *United States,* 274 U.S. 220, 223-224 (1927). Rule 30 (a) therefore permits a defendant to raise a double jeopardy challenge to his continued confinement or restraint arising from a criminal conviction, whether from a guilty plea or a jury verdict, "at any time, as of right." Consequently, under both our common law and rules of criminal procedure, a defendant is not barred by his guilty plea from bringing an appeal or collateral challenge to his conviction on the ground that the conviction violated the prohibition against double jeopardy.

The Commonwealth urges us to follow the lead of the Appeals Court, which has held that, where a defendant does not challenge as duplicative the charges in a pretrial motion to dismiss and pleads guilty voluntarily and intelligently to the allegedly duplicative charges, the defendant's guilty plea forecloses any double jeopardy claim. See *Commonwealth* v. *Buckley,* 76 Mass. App. Ct. 123, 128-129 (2010) (*Buckley*); *Commonwealth* v. *Mazzantini,* 74 Mass. App. Ct. 915, 915-916 (2009) (*Mazzantini*). Both decisions appear to treat the United States Supreme Court's decision in *United States* v. *Broce,* 488 U.S. 563 (1989) (*Broce*), as controlling precedent. It is not.

---

[4]Rule 30 (a) of the Massachusetts Rules of Criminal Procedure, as appearing in 435 Mass. 1501 (2001), consolidated the common-law procedures of habeas corpus and writ of error, which had previously been the means by which defendants could challenge the validity of their sentences. See *Commonwealth* v. *Christian,* 429 Mass. 1022, 1023 (1999). See also Reporters' Notes to rule 30 (a), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1637 (LexisNexis 2011-2012) (purpose of revision "was to simplify post conviction procedure, while maintaining the full scope of relief previously available").

In *Broce, supra* at 565-566, the defendants had pleaded guilty to two indictments charging conspiracy to "rig bids" and suppress competition in violation of the Sherman Act, 15 U.S.C. § 1, and were sentenced separately on each indictment. Later, the defendants moved to vacate their convictions on the second indictment, claiming that the two conspiracies were actually one overarching conspiracy, and that the two convictions were therefore duplicative. *Id.* at 566-567. The Court held that the defendants were foreclosed from the collateral challenge because "a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he has committed two separate crimes." *Id.* at 569-570. Because the *Broce* indictments alleged two distinct agreements (the first, an agreement beginning in April, 1978, to rig bids on one specified highway project; and the second, an agreement beginning fifteen months later to rig bids on a different project, *id.* at 570), and the defendants, before entering their guilty pleas, did not "attempt to show the existence of only one conspiracy in a trial-type proceeding," the defendants "relinquished that entitlement." *Id.* at 571.

The rule of relinquishment articulated in *Broce* is not constitutional in nature but is a procedural bar under Federal common law, which does not govern State procedural law. See *Commonwealth* v. *LePage*, 352 Mass. 403, 409 (1967) ("Federal rules and cases . . . do not control Massachusetts procedures, so long as there is no violation of applicable Federal constitutional principles"). See also *Lefkowitz* v. *Newsome*, 420 U.S. 283, 288-292 (1975) (applying State law to determine whether guilty plea constituted waiver of constitutional claims). Where we have declared as a matter of State procedural common law that a guilty plea does not relinquish a defendant's entitlement to challenge a conviction on double jeopardy grounds, see *Commonwealth* v. *Clark, supra,* a Federal rule of relinquishment has no consequence to collateral review of a guilty plea in a Massachusetts court and may not override our declaration of a different procedural rule.

Moreover, even if the rule of relinquishment in *Broce* were controlling precedent, it would not foreclose the collateral review sought by the defendant here, because the Supreme Court declared an exception to its rule "where on the face of the rec-

ord the court had no power to enter the conviction or impose the sentence." *Broce, supra* at 569. See *Menna* v. *New York,* 423 U.S. 61, 62-63 n.2 (1975) ("plea of guilty to a charge does not waive a claim that — judged on its face — the charge is one which the State may not constitutionally prosecute"). The claim of double jeopardy in *Broce* — that the two conspiracies factually were one overarching conspiracy — could only be resolved by expanding the evidentiary record to ascertain the nature and scope of the conspiracies to which the defendants pleaded guilty. See *Broce, supra* at 575-576. Where the defendants had pleaded guilty to the two conspiracies and effectively admitted that there were two conspiracies, the Supreme Court foreclosed them from collaterally attacking their guilty pleas by belatedly contending that the evidence supported a finding of only one conspiracy. But where, as here, a double jeopardy claim can be resolved on the face of the indictments, without evidentiary findings or expansion of the record, the *Broce* Court ruled that a guilty plea would not foreclose collateral review of a claim of double jeopardy.[5] See *id.* at 574-575.

Nor are we inclined to adopt the rule of relinquishment declared

---

[5]Federal appellate courts and the highest courts in various States that have applied the rule of relinquishment in *United States* v. *Broce,* 488 U.S. 563 (1989) (*Broce*), have recognized this exception. See *United States* v. *Ehle,* 640 F.3d 689, 693 (6th Cir. 2011) ("a guilty plea or plea agreement does not waive a double jeopardy challenge to a charge where, judged from the face of the indictment and the record existing at the time the plea was entered, the charge is one that the government could not constitutionally prosecute under the Double Jeopardy Clause"); *United States* v. *Pollen,* 978 F.2d 78, 84 (3d Cir. 1992), quoting *Taylor* v. *Whitley,* 933 F.2d 325, 328 (5th Cir. 1991) ("*Broce* thus establishes the principle that a defendant who pleads guilty to a criminal charge may subsequently assert a claim of multiple punishment in violation of the Double Jeopardy Clause 'only if the violation is apparent on the face of the indictment or record' "); *United States* v. *Kaiser,* 893 F.2d 1300, 1302 (11th Cir. 1990) ("Supreme Court has recognized that there are exceptions to the rule barring collateral attacks on a guilty plea . . . when a charge against a defendant, judged on the basis of the record that existed at the time the guilty plea was entered, is one the State may not constitutionally prosecute"); *State* v. *Arnold,* 816 So. 2d 289, 290 (La. 2002), quoting *Broce, supra* at 575-576 ("Though the Supreme Court and this Court have created an exception to this rule for double jeopardy violations . . . that exception applies only 'where on the face of the record the court had no power to enter the conviction or impose the sentence' "); *Hagan* v. *State,* 836 S.W.2d 459, 461 (Mo. 1992) ("*Broce* stands for the proposition that a guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined

by the Appeals Court in *Buckley* and *Mazzantini* as our own procedural common-law rule. Where a defendant is convicted of greater and lesser offenses based on the same act, and where the Legislature has not declared its intent that a defendant be punished separately for both offenses, punishing a defendant for both offenses would exceed legislative authorization and be contrary to legislative intent. See *Commonwealth* v. *Crocker*, 384 Mass. 353, 360 (1981) (prohibition against duplicative convictions ensures "that the court does not exceed its legislative authorization by imposing multiple punishments for a single legislatively defined offense"); *Kuklis, supra* at 308 ("it was not the legislative intent that a defendant should be punished for both possession of a drug and being present where the drug was kept, where the two charges involve the same time and place, and the identical mass of a single drug"). Even where the punishment is concurrent, we have recognized the risk of "adverse collateral consequences" arising from duplicative convictions. See *Commonwealth* v. *Jones*, 382 Mass. 387, 396 (1981) ("Among the collateral consequences acknowledged by the Supreme Court and other courts in various double jeopardy contexts are the harsher treatment that may be accorded the defendant under the habitual offender statutes of some States; the possible impeachment by prior convictions, if the defendant ever becomes a witness in future cases; and, in some jurisdictions, less favorable parole opportunities"). We conclude that a defendant does not relinquish his entitlement to vacate a duplicative conviction by pleading guilty to charges that on their face are duplicative.[6] Having concluded that the defendant may challenge the convic-

___

from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence"); *In re Parks*, 184 Vt. 110, 118-119 (2008) ("Thus, a guilty plea may implicitly waive a double jeopardy defense otherwise available to the defendant if: [1] the plea is entered into knowingly and voluntarily, and [2] the charges to which the defendant pleads do not on their face create a double jeopardy violation").

[6] We need not consider whether we would adopt the more limited rule of relinquishment declared in *Broce, supra*. Such a determination would need to be made only where adoption of the *Broce* rule would result in a finding that a defendant had relinquished his entitlement to a double jeopardy challenge as a result of his guilty plea, which would occur only where a claim of duplicative convictions required an expansion of the record or an evidentiary hearing.

tions arising from his guilty pleas as duplicative, we now consider whether they were duplicative.

2. *Duplicative charges.* In *Commonwealth* v. *Vick*, 454 Mass. 418, 431 (2009), we reiterated our traditional rule, embodied in *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), for determining whether two charges are duplicative:

> " '[A] defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not.' *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002). . . . This elements-based approach remains the standard for determining whether multiple convictions stemming from one criminal transaction are duplicative. . . . As long as each offense requires proof of an additional element that the other does not, 'neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative].' *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981)." (Citations omitted.)

See *Commonwealth* v. *Anderson*, 461 Mass. 616, 632-633 (2012).

Applying this rule, a conviction of armed assault in a dwelling is not duplicative of a conviction of aggravated burglary because neither crime is a lesser included offense of the other. The elements of the crime of armed assault in a dwelling are: (1) the defendant entered a dwelling that was not his own while armed with a dangerous weapon; (2) the defendant assaulted another inside the dwelling; and (3) the assault was committed with the intent to commit a felony. G. L. c. 265, § 18A.[7] See *Commonwealth* v. *Ruiz*, 426 Mass. 391, 393 (1998), citing *Commonwealth* v. *Donoghue*, 23 Mass. App. Ct. 103, 111-112 (1986), cert. denied, 481 U.S. 1022 (1987). See also Superior Court Criminal Practice Jury Instructions § 2.30 (Mass. Continuing Legal Educ. 1999 & 1st Supp. 2003). To be convicted of this crime, a defendant must have the intent to commit a felony at

---

[7]General Laws c. 265, § 18A, provides in pertinent part: "Whoever, being armed with a dangerous weapon, enters a dwelling house and while therein assaults another with intent to commit a felony shall be [guilty of that crime]."

the time of the assault. See *Commonwealth* v. *Flanagan*, 17 Mass. App. Ct. 366, 372 (1984).

The elements of aggravated burglary are: (1) the defendant broke into and entered the dwelling of another; (2) the breaking and entering occurred at night; (3) at the time of the breaking and entering the defendant intended to commit a felony; (4) a person was lawfully inside the dwelling; and (5) the defendant was armed at the time of the breaking and entering or armed himself inside the dwelling, *or* the defendant assaulted a person who was lawfully in the dwelling once inside the dwelling. G. L. c. 266, § 14.[8] See *Commonwealth* v. *Rolon*, 438 Mass. 808, 817 n.8 (2003). See also Superior Court Criminal Practice Jury Instructions, *supra* at § 2.33. Because the fifth element can be proved in two different ways, aggravated burglary has two forms, one in which the defendant is armed with a dangerous weapon, either at the time of the breaking and entering or once inside (armed burglary), and a second in which the defendant assaults another who is lawfully in the dwelling (burglary with assault).[9] *Commonwealth* v. *Rolon, supra.* To be convicted of either armed burglary or burglary with assault, a defendant must have the intent to commit a felony at the time of entry into the dwelling. See *Commonwealth* v. *Claudio*, 418 Mass. 103, 117-118 (1994); *Commonwealth* v. *Ronchetti*, 333 Mass. 78, 81 (1955).

Armed assault in a dwelling is not a lesser included offense of aggravated burglary because armed assault in a dwelling

---

[8]General Laws c. 266, § 14, provides in pertinent part:

"Whoever breaks and enters a dwelling house in the night time, with intent to commit a felony, or whoever, after having entered with such intent, breaks such dwelling house in the night time, any person being then lawfully therein, and the offender being armed with a dangerous weapon at the time of such breaking or entry, or so arming himself in such house, or making an actual assault on a person lawfully therein, shall be [guilty of that crime]."

[9]The defendant was charged in the aggravated burglary indictment of both forms: armed burglary and burglary with assault. See *Commonwealth* v. *Murphy*, 415 Mass. 161, 164 (1993), quoting *Commonwealth* v. *Dowe*, 315 Mass. 217, 219-220 (1943) ("Where a crime can be committed in any one of several ways, an indictment properly charges its commission in all those ways, using the conjunction 'and' in joining them").

requires an element not required in either armed burglary or burglary with assault — the intent to commit a felony at the time of the assault. Neither armed burglary nor burglary with assault is a lesser included offense of armed assault in a dwelling, because both armed burglary and burglary with assault require two elements not required in armed assault in a dwelling — the intent to commit a felony at the time of entry into the dwelling, and breaking and entering in the nighttime. Because each offense has an element not shared by the other, neither is a lesser included offense of the other, and the two convictions are not duplicative.[10] See *Commonwealth* v. *Vick, supra.*

*Conclusion.* For the foregoing reasons, we conclude that the defendant is entitled to challenge whether two of the convictions arising from his guilty plea were barred by the prohibition against double jeopardy, but that his challenge fails because the convictions of armed assault in a dwelling and aggravated burglary are not duplicative. The denial of the defendant's motion to vacate his conviction of armed assault in a dwelling as duplicative is affirmed.

*So ordered.*

---

[10]The defendant relies on *Commonwealth* v. *Enos*, 26 Mass. App. Ct. 1006 (1988), in arguing that armed assault in a dwelling is a lesser included offense of aggravated burglary. In *Enos*, the Commonwealth "conceded" that charges of these two crimes were duplicative, and the Appeals Court declared the concession to be correct without engaging in an analysis of the elements of the two crimes, or otherwise explaining why the two convictions were duplicative. *Id.* at 1008. Because, as explained *supra*, the two offenses contain distinct elements and are not duplicative, the assertion in *Enos* that the Commonwealth's concession was correct is not correct.