On January 2, 2008, the defendant pleaded guilty to three counts of armed robbery while masked, nine counts of assault by means of a dangerous weapon, assault and battery, three counts of wanton destruction of property, unlawfully carrying a firearm as a career criminal, discharging a firearm within 500 feet of a building, receiving stolen property, resisting arrest, and various traffic offenses. The charges arose from an armed robbery at the TD Banknorth branch (bank) in Auburn, where the defendant, masked and acting alone, brandished and discharged a firearm while taking about $55,000 from the bank.
Eight years later, the defendant, acting pro se, filed a "motion to dismiss duplicitous charges pursuant to Rule 30(b)." He claimed that his multiple convictions of armed robbery and assault by means of a dangerous weapon were duplicative because "there was but one crime, that of the bank robbery." The defendant appeals from the order denying that motion. We affirm.
Discussion. A defendant may "challeng[e] his convictions (based on guilty pleas) on double jeopardy grounds where the defendant claims that the charges pleaded to are duplicative on their face and further expansion of the record or evidentiary findings are not required." Commonwealth v. Dykens, 473 Mass. 635, 639 (2016). See Commonwealth v. Negron, 462 Mass. 102, 108-109 (2012). It is well established that the offense of armed robbery is an offense against the person assaulted rather than against the entity that owns the property taken. Commonwealth v. Levia, 385 Mass. 345, 351 (1982). "So long as the victim of the assault has some protective concern with respect to the property taken, and the property is taken from his person or presence, then the defendant may be convicted and sentenced for a separate and distinct robbery as to that person." Ibid. See Commonwealth v. Traylor, 472 Mass. 260, 268 (2015) (" '[W]henever a single criminal transaction gives rise to crimes of violence which are committed against several victims, then multiple indictments (and punishments)' for the crime against each victim 'are appropriate' "), quoting from Commonwealth v. Donovan, 395 Mass. 20, 31 (1985). Here, there was evidence that the defendant assaulted three different bank employees at gunpoint during the course of the robbery, and each victim was named in a separate indictment. Accordingly, the armed robbery convictions were not duplicative.
We reach the same conclusion with respect to the multiple counts of assault by means of a dangerous weapon, each of which named a different bank employee or bank customer assaulted. "[W]here the intent of the Legislature in the enactment of a criminal statute is primarily to protect the safety of individuals, as opposed to one's possessory interest in property, the number of victims determines the number of units of legitimate prosecution." Commonwealth v. Melton, 50 Mass. App. Ct. 637, 643 (2001), S.C., 436 Mass. 291 (2002).
Furthermore, because the charges of armed robbery and assault by means of a dangerous weapon each have a required element that the other does not, neither crime is a lesser included offense of the other and they are not duplicative. Commonwealth v. Anderson, 461 Mass. 616, 632-633 (2012). For these reasons, we discern no abuse of discretion in the denial of the defendant's motion to dismiss.
Order denying motion to dismiss affirmed.